JUDGE KARAS          15 CV   8500

No. _____

_____

# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

## CLAIM TABLE OF CONTENTS COVER PAGE



**III. STATEMENT OF THE CLAIM** C: FACTS: FROM PAGE 1 THROUGH PAGE 10 ... 10 PAGES

THE CLAIM COMPLAINT, FROM PAGE 1 THROUGH PAGE 17 ... 17 PAGES

STATEMENT OF THE COMPLAINT, FROM PAGE 18 THROUGH PAGE 21 ... 4 PAGES

ELEMENT OF THE CLAIM, PAGE 21 ... 1 PAGE

CLAIM SIGNATURE IN FORM OF SWORN STATEMENT ... PAGE TOTAL: 32 PAGES

_____

THE CLAIM EVIDENTIARY DOCUMENTS OBTAINED FROM LEGAL PROCEEDINGS INCLUDE THE CITY OF MOUNT VERNON COURT INSTRUMENTS OF A CRIME, U.S.D.C. for the S.D.N.Y. TRUE COPY SEALED DOCUMENTS, SUBPOENAS, AND SUBPOENAED RECORDS FROM THE THIRD PARTIES ADVERSE POSSESSION PECULATION OF UNLAWFUL BUSINESSES FOR PECUNIARY GAIN AT THE SITE OF THE COMPLAINT INCIDENTS COMPOUNDING OF CRIME ILLEGAL PERVERTED USE PROCESS IN VICARIOUS MITIGATION ABUSE OF PROCESS AGAINST THE COMPLAINANT.

THE EVIDENCE EXHIBITS START AT INDEX: SPECIFIC COMPLAINT EVIDENCE EXHIBITS 1 AND 2 THEN, EVIDENCE EXHIBITS INDEX NUMBER 1 THROUGH 15, A TOTAL OF 17 EVIDENCE EXHIBITS.

_____

THE CLAIM INCLUDES A TABLE OF AUTHORITIES INDEX NUMBER 1 THROUGH 17 FOR THE:

SPECIFIC PURPOSE OF THE MULTI-STATUTE PLEADING FOR THE IMMORAL CONSIDERATION SPECIFIC CORRUPT INTENT DELIBERATE ELICITATION FROM THE THIRD PARTIES FRAUDULENT CONCEALMENT TO FORGERY OF ILLEGAL EVIDENCE COMPOUNDING OF A CRIME FORFEITURE BY WRONGDOING ILLEGAL PERVERSION USE OF PROCESS UNLAWFUL ARREST OBJECTIVE OF VICARIOUS MITIGATION ABUSE OF PROCESS FALSE IMPRISONMENT OF THE PLAINTIFF.

Signature: _Jose Antonio Mendes da Costa_

Date: __October 28th__, 2015.

*Complaint Table of Contents Cover Page 1 of 1*          1.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jose Antonio Mendes da Costa      Pro Se

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Mount Vernon P.D. Sergeant Marcucilli
Mount Vernon P.D. Officer Johnny Camacho

Mount Vernon P.D. Det. Officer Jesus Garcia
C.M.V. Law Dept. Atty. Inv. Michael V. Lentine
C.M.V. Law Dep. Att. at law Hina Sherwani
          Fernando Marques
          Moacir Castro
     Pedro Coelho            et. al.
     Cecilia Rodrigues (in flight)

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.   The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

**COMPLAINT**

Jury Trial:  ☒ Yes    ☐ No

(check one)

---

**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your
identification number and the name and address of your current place of confinement.  Do the same
for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name    Jose Antonio Mendes da Costa
               Street Address    86 Gramatan Avenue n. 40
               County, City    Westchester, Mount Vernon
               State & Zip Code    New York, 10550
               Telephone Number    (914) 774-3615

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a
government agency, an organization, a corporation, or an individual.  Include the address where
each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1      Name    Mount Vernon P.D. Sergeant Marcucilli
                     Street Address    2 Roosevelt Square

*Rev. 05/2010*

County, City ___Westchester, Mount Vernon___
State & Zip Code ___New York, 10550___
Telephone Number ___(914) 665-2500___

**Defendant No. 2**   Name ___Mount Vernon P.D. Officer Johnny Camacho___
Street Address ___2 Roosevelt Square___
County, City ___Westchester, Mount Vernon___
State & Zip Code ___New York, 10550___
Telephone Number ___(914) 665-2500___

**Defendant No. 3**   Name ___Eastchester P.D. Det. Michael Martins___
Street Address ___40 Mill Road___
County, City ___Westchester, Town of Eastchester___
State & Zip Code ___New York, 10709___
Telephone Number ___(914) 961-3464___

**Defendant No. 4**   Name ___Mount Vernon P.D. Det. Officer Jesus Garcia___
Street Address ___2 Roosevelt Square___
County, City ___Westchester, Mount Vernon___
State & Zip Code ___New York, 10550___
Telephone Number ___(914) 665-2500___
(See attached.)

## II.   Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Questions          ☐ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? ___42 U.S.C. 1983, 42 U.S.C. 12101-12213, 28 U.S.C. 1391(c), F.T.C.A. 28 U.S.C. 1402(b), 28 U.S.C. 1651, 18 U.S.C. 371-924(c)-3771(d)(3)(4) 5 U.S.C. 552(a)(4)(B), The Omnibus Provisions 1503 thru 1512, The Fourth (see attached)___

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

## III.   Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.

**I.     Parties in this complaint:**

B.      List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 5      Name   City of Mount Vernon Law Department Priv. Inv. Michael V. Lentini
                     Street Address            One Roosevelt Square
                     County, City              Westchester, Mount Vernon
                     State & Zip Code          New York, 10550
                     Telephone Number          (914) 665-2166

Defendant No. 6      Name   City of Mount Vernon Law Department Att. at Law Hina Sherwani
                     Street Address            One Roosevelt Square
                     County, City              Westchester, Mount Vernon
                     State & Zip Code          New York, 10550
                     Telephone Number          (914) 665-2166

Defendant No. 7      Name                      Fernando Marques
                     Street Address            2 West Sidney Avenue
                     County, City              Westchester, Mount Vernon
                     State & Zip Code          New York, 10550
                     Telephone Number

Defendant No. 8      Name                      Moacir Castro
                     Street Address            2 West Sidney Avenue
                     County, City              Westchester, Mount Vernon
                     State & Zip Code          New York, 10550
                     Telephone Number

Defendant No. 9      Name                      Pedro Coelho
                     Street Address            66 West Lincoln Avenue
                     County, City              Westchester, Mount Vernon
                     State & Zip code          New York, 10550
                     Telephone Number          (914) 667-9161

Defendant No. 10     Name                      Cecilia Rodrigues    (in flight)
                     Street Address            114 Gramatan Avenue
                     County, City              Westchester, Mount Vernon
                     State & Zip code          New York, 10550
                     Telephone Number (now Marisa's Place)     (914) 668-7788

II.      **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. ~ 1331, a case involving the United States Constitution or federal laws or treaties it is a federal question case. Under 28 U.S.C. ~ 1332, a case in which a citizen of one state sues a citizen of another state and the amount of the damages is more than $75.000 is a diversity of citizenship case.

A        What is the basis for federal court jurisdiction? *(check all that apply)*

          [X] Federal Questions                    | | Diversity of Citizenship

B.       If the basis of jurisdiction is Federal Question, what federal Constitutional, statutory or treaty
          right is at issue? <u>42 U.S.C. 1983, 42 U.S.C. 12101-12213, 28 U.S.C. 1391(c),     F.T.C.A.</u>
<u>28 U.S.C. 1402(b), 28 U.S.C. 1651, 18 U.S.C. 241, 18 U.S.C. 371, 18 U.S.C. 924(c), 18 U.S.C.S 3663 (A),</u>
<u>18 U.S.C. 3771(d) (3) (4), 5 U.S.C. 552(a) (4)(B). The Omnibus Provisions 1503 thru 1512.</u>
<u>The Fourth, Fifth, Sixth, Seventh, and Fourteenth United States of America Constitution Amendments,</u>
<u>specific corrupt intent deliberate deprivation of the plaintiff Civil Rights Liberties by the defendants to</u>
<u>Section 1983 Mandamus 42 U.S.C. ~ 1983, Jose da Costa v. Sergeant Marcucilli 10 Civ. 4125,</u>
<u>the Month of May 26th and June 1st 2009 thru the Month of May 12th 2015, of specific corrupt intent</u>
<u>Scienter Knowledge to deliberate the elicitation to compounding of a crime concert of action from third</u>
<u>parties Fernando Marques, Moacir Castro, Pedro Coelho, and Cecilia Rodrigues (in flight) whom in</u>
<u>fraudulent concealment facilitation to a made forgery of unconstitutional illegal extrinsic evidence,</u>
<u>perjury false statements to an instruments of a crime objective to the attempt Administrative crime by</u>
<u>the alteration of instruments to obtain the unlawful arrest of the plaintiff from the illegal evidence</u>
<u>provided not substantiated by Statute, Title, Article, or subdivision hereto, force by Coercion duress the</u>
<u>Signature of  plaintiff to the instrument of a crime by forgery fraud, knowing their illegal perversion use</u>
<u>of process was highly likely to cause the false imprisonment of the plaintiff, a fact that succeed the</u>
<u>Month of October 2009.</u>

<u>The specific corrupt intent by the defendants to Section 1983 10 Civ. 4125 deliberate elicitation for the</u>
<u>confederate third parties forfeiture by wrongdoing forgery fraud concert of action attempt</u>
<u>Administrative crime objective is the Obstruction of Justice for the pending litigation of Section 1983</u>
<u>Civil Claim 10 Civ. 4125 Jose da Costa V. Sgt. Marcucilli at U.S.D.C. for the S.D.N.Y. to tamper with</u>
<u>witnesses at the site of the incident (within 100 ft.) by business compulsion (a form of coercion) direct</u>
<u>influence of witnesses by foreign attachment; for the witnesses to act as the draw away persons to the</u>
<u>third parties false pretenses in aid to abet the defendants to Section 1983 to obtain a case with identical</u>
<u>trier facts to the facts of the pending litigation to tried at the U.S.D.C. for the S.D.N.Y. to pad the</u>
<u>defendants at trial to obtain a verdict by the deceit of the U.S.D.C. for the S.D.NY. in their favor hereto,</u>
<u>the forfeiture by wrongdoing direct influence of witnesses perjury, to withhold information with regard</u>
<u>to the plaintiff legal defense and later at the U.S.D.C. for the S.D.N.Y. force a decision in their favor;</u>

-a fact that succeed the Month of November 5th 2012 when the plaintiff settle the criminal negligence assault by the defendants to the Section 1983 10 Civ. 4125 Civil Rights Claim with prejudice to the plaintiff. (Not the issues at hand in the present complaint.

The plaintiff Jose Antonio Mendes da Costa request from the U.S.D.C. for the S.D.N.Y. for a Bill in Aid of Execution for the Split Level Statute Special Pleading.

The plaintiff in form of sworn statement F.R.E. Rule 56 and Rule 73 General Provisions Governing Discovery affirm, the Month of February the year of 2011 the U.S.D.C. for the S.D.N.Y. Chief Judge Cathy Seibel and Magistrate Lisa Smith authorized the pretrial investigation for Section 1983 10 Civ. 4125, the plaintiff discover the City of Mount Vernon Corporation Department of Law defending the defendants to Section 1983 at the U.S.D.C. for the S.D.N.Y Public employees Attorney at Law Hina Sherwani and Private Investigator Michael V. Lentini to be of Scienter Knowledge to a concert of action Intracorporate conspiracy by the illegal perverted use process misleading the third parties as the wheel conspiracy spokes persons, the plaintiff discovery of this specific corrupt intent fact of immoral consideration unethical conduct against form and statute by the City of Mount Vernon Corporation Public Employees whom in defense of the Section 1983 Police Officers knowing of the officers deliberate elicitation from the third parties to compounding of a crime by fraudulent concealment to the forgery of illegal unconstitutional evidence makes their actions a venue for a Corporation under 28 U.S.C. ~ 1391 (c), under the Federal Torts Claims Act Action 28 U.S.C. ~ 1402 (b), and under the Freedom of Information Act Action 5 U.S.C. ~ 552(a)(4)(B).

The specific corrupt intent fraudulent concealment forfeiture by wrongdoing fraud is objective to the deliberate deprivation of the plaintiff U.S.A. Constitutional Civil Rights by providing a controlled substance to force the Coercion duress forbearance of an illegal perverted use of process prescribed act to at a later date use against the plaintiff in vicarious vexatious mitigation abuse of process by the self-dealing wrongdoers as the executors of their own wrongdoing in self-help to a remedy against form and statute to obtain the selective policing prosecution unlawful arrest of the plaintiff, not substantiated by the forgery of illegal evidence taint by Statute, Title, Article, or Subdivision to obtain a subsequent selective prosecution false imprisonment of the plaintiff.

Hereto, the defendants to Section 1983 derelict official act attempt Administrative crime in concert of action with the third parties objective to obtain the Obstruction of Justice at the U.S.D.C. for the S.D.N.Y. 10 Civ. 4125 Trial, by the illegal perversion use of process coercion fraud misleading the transferred real legal malice in the deliberate deprivation of the plaintiff Civil Rights of Liberty, Life, and Property to endeavor the plaintiff with the vexatious proceedings vicarious mitigation abuse of process against form and Statute by the Slander per Quo class based animus abuse of process against the plaintiff Constitutional Law Civil Right of common calling to pursue a career as a Class A Truck Driver, (a loss that can be estimated Pro Rata by the Court) expecting the plaintiff to act to his own detriment, take advantage of the plaintiff weak financial position endeavor in Legal and Civil litigation, by leaving the plaintiff outside the protection of Law and of the Due Process Equal Protection of Laws.

*II. Basis for Jurisdiction*                    2

You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.     Where did the events giving rise to your claim(s) occur? The City of Mount Vernon, 100 Ft. From Section 1983, 10 Civ. 4125 incidents site at 114 Cramston Avenue.

B.     What date and approximate time did the events giving rise to your claim(s) occur? The Month of May 26th and June 1st 2009 the illegal perverted use of process objective to vexatious vicarious mitigation abuse of process thru the Month of May 12th 2015.

C.     Facts: Plaintiff Jose Antonio Mendes da Costa in Form of sworn

**What happened to you?**

Statement (F.R.E. 56) affirm The City of Mount Vernon Police Department defendants to U.S.D.C. for the S.D.N.Y. Section 1983 Mandemus Civil Claim 10 Civ. 4125, Jose da Costa

**Who did what?**

V. Sergeant Marcucilli, the Month of May 26th day in preperation for the companding of a crime June 1st 2009 in an attempt Administrative crime of Scienter knowledge immoral consideration specific corrupt intent to solicit a concert

**Was anyone else involved?**

of action Facilitation by deliberate elicitation from third parties Fernando Marques, Pedro Coelho, Moacir Castro and Cecilia Rodrigues whom is (in flight) to aid to abet the fraudulent concealment to forgery of made illegal unconstitutional extrinsic evidence, false statements for tampering with public records to coerce the Signature of the plaintiff to an instrument of a crime

**Who else saw what happened?**

by forgery, knowing their action were highly possible to cause the Unlawful arrest and Force the subsequent Forbearance of a prescribed act from the illegal perverted use of process (see attached)

IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. The plaintiff has since sustained a subsequent physical injury that occur during the false imprisonment intentional infliction of emotional distress such injury a disorder of the (right shoulder) rotator cuff occurring at the Westchester County Penetentiary on the approx. date Month of November 2009, for which orthoscopic surgery was later the year of 2013 required, for whom the plaintiff personal Medicare Insurance do not cover all the Medical expenses leaving the plaintiff unpaid bill in the amount of $5000. From the total of over $20,000+ dollars surgery and for the physical therapy rehabilitation.                    (See attached)

**III. Statement of Claim**      C. Facts: Plaintiff Jose Antonio Mendes da Costa in form of sworn statement (F.R.E. 56) affirm The City of Mount Vernon Police Department defendants to U.S.D.C. for the S.D.N.Y. Section 1983 Mandamus Civil Claim 10 Civ. 4125 Jose da Costa v. Sergeant Marcucilli, the Month of May the 26th day in preparation for the compounding of a crime June 1st 2009 in an attempt to Administrative crime of Scienter knowledge immoral consideration specific corrupt intent to solicit a concert of action facilitation by deliberate elicitation from third parties Fernando Marques, Pedro Coelho, Moacir Castro, and Cecilia Rodrigues whom is (in flight) to aid to abet the fraudulent concealment to forgery of made illegal unconstitutional evidence, false statements for tampering with public records to Coerce the Signature of the plaintiff to an instrument of a crime by forgery, knowing their action were highly possible to cause the unlawful arrest of the plaintiff and force the subsequent forbearance of a prescribed act from the illegal perverted use of process submitted for trial by selective prosecutorial misconduct errors in alteration of instruments whom were aided at trial by the Scienter inefficient assistance of counsel to cause the false imprisonment of the plaintiff.

The defendants to Section 1983 corrupt intent concert of action takes place within 100 ft. from the site of Civil Claim 10 Civ. 4125 in anticipatory repudiation forfeiture by wrongdoing objective obstruction of justice deceit, to obtain a case with identical trier facts to the facts to be tried at The U.S.D.C. for the S.D.N.Y to pad the defendants at trial and obtain a verdict in their favor with prejudice against the plaintiff a fact that materialized the date of November 5th 2012 when plaintiff settle the Civil Claim 10 Civ. 4125 with prejudice to the plaintiff.

Hereto, the intentional deprivation of Civil Rights by the compounding of offences fraudulent concealment forgery of illegal extrinsic evidence perjury, illegal perversion of process Coercion of the plaintiff Signature to an instrument of (that at trial the evidence do not substantiate the charge by Statute, Title, Art. or subdivision) and subsequent false imprisonment of the plaintiff were not element trier facts at the trial of Section 1983 Mandamus Civil Claim 10 Civ. 4125.

The plaintiff in form of sworn statement and F.R.P. 73 General Provisions Governing Discovery affirm the plaintiff deposition at Mount Vernon City Court Trial contain explicit language to the forgery of evidence against the plaintiff, the issue was not brought up by lack of diligence of the plaintiff but by intentional inefficient assistance of The Mount Vernon City Court retained attorney Jean B. Auguste acting as a cognovits for the City of Mount Vernon Court selective prosecution; as Rule 9 (b) state the circumstances constituting the alleged fraud are matters peculiarly within the knowledge of the opposing party, since the particularity requirement of Rule 9(b) has been held subject to relaxation where those circumstances prevail. [EVIDENCE: EXHIBIT N. 3, APPENDIX 3, EHXIBIT N. 4][COMPLAINTS EXHIBIT N. 9 APPENDIX N. 9].

1

An element for this complaint is the fact law trier facts were only available to the plaintiff after February 2011 when U.S.D.C. for the S.D.N.Y. Chief Judge Cathy Seibel and Magistrate Lisa Smith authorized the pretrial investigation for Section 1983 Mandamus Civil claim 10 Civ. 4125.

Plaintiff filed Civil Claim 10 Civ. 8564 Jose da Costa v. M. V. Assistant District Attorney Patrick McArthur, Cheryl Lee, Alexis Celestin, and City Court retained Attorney at Law Jean B. Auguste for the Selective prosecution errors and inefficient assistance of council (dis. for lack of merit).

A key element evidence document for the Section 1983 Mandamus Civil Claim is in the form of a U.S.D.C. for the S.D.N.Y. Sealed Document filed by the plaintiff the date February 28th 2012 the True Copy of: Affirmation in Opposition to: Defendants Motion for Summary Judgment.

The document is Key element to this Section 1983 Civil Claim because of the content where the plaintiff detail the personal investigation discovery of the defendants specific corrupt intent selective policing to a continued course of conduct illegal perversion of process to at a later date by compounding of offences abuse of process in vicarious mitigation vexatious proceedings to unlawful arrest of plaintiff to charge the plaintiff with an explicit specific charge of Stalking 3rd due to the Coercion Statute analogous statutory construction.

Hereto, the plaintiff specific language statement of the concern is explicit in U.S.D.C. for the S.D.N.Y. Sealed document on page 19 and 20 the complainant concern for the past, present, and future retaliation by the defendants wearing the color of the State, for future specific corrupt intent to compounding of a crime vicarious mitigation abuse of process. [See: EVIDENCE EXHIBIT N. 7] The Public Health and Morals Offences Title M, Article 230. The coercion statute refers to the actor's accusing some person of a crime or causing criminal charges to be instituted [Penal Law ~ 135.60(4)].

Hereto, the continued course of conduct abuse of process inception takes place after the Section 1983 10 Civ. 4125 November 5th 2012 settlement decision in favor the defendants with prejudice to plaintiff, on the date of December 6th 2012 the corrupt intent of the defendants to Section 1983 to instill a vicarious mitigation abuse of process vexatious proceedings when the plaintiff unlawful arrest takes place for the allegation of Stalking 3rd from the extrinsic illegal evidence not substantiated Statute, Title, Article or Subdivision. [See: EVIDENCE EXHIBIT N. 6].

The well pleaded complaint issues at hand as they are made to turn by substantive law takes place subsequently before, during and after the above sworn statement to the Coercion analogous crime incidents. Hereto, the issues to the Civil Claim complaint inception date takes place the date of 6/1/09 when Police officers defendants to the Section 1983 of immoral consideration specific corrupt intent deliberate the elicitation from third parties Marques,

2

<u>Castro, Rodrigues and Pedro Coelho facilitation to compounding of a crime by the fraudulent concealment to forgery of illegal evidence false statements perjury to Coerce the signature of the complainant to an instrument of a crime by forgery, objective to forfeiture by wrongdoing.</u>

<u>The derelict official act Attempt Administrative crime contained in the instruments of a crime evidence provided by the third party Fernando Marques of a receipt for a door closer value of $70.44c., for the objective unlawful arrest sham trial repugnant verdict false imprisonment of the complainant to deprive the complainant of The U.S.A. Constitutional Civil Rights in violation of The Fourth Amendment hereto, is not substantiated by Statute, Title, Article, or subdivision the statutory requirement for Criminal Mischief 4th, the criminal charge of Property and Damage Intrusion Title 1 Art. 145, 145.00 Criminal Mischief 4th the damage is to exceed the value of $250.00 by fact law in the Art. 145.00. [See: Evidence Exhibit Appendix N. 3]</u>

<u>The Apex Juris analysis of the complex litigation involved to consummate the Attempt Administrative crime sham trial adjudication constitutes, a shadowy extortion scheme being committed by a class of persons whom in Scienter knowledge are acting outside from the unlawful prerequisite scope to the Section 1983 Civil Claim Police officers defendants deliberate elicitation from the third parties and in knowledge of the necessary elements for a continued course of conduct sybaritic turpitude duress criminal coercion illegal perverted use of process fraud also too constitute the necessary prerequisite elements for the fraudulent concealment to the Title 10 Compounding of a Crime Offences adjudication, the fraudulent concealment for the fabrication of the Instruments of a crime, constitutes a PL 165.15 Theft of services Subdivision 10, after the principal and accessories concert of action false statement perjury caused the complainant unlawful arrest by misuse of Title M Art. 230.34 The Coercion Statute [Penal Law ~ 135.60(4)] [Penal Law ~ 230.34(5) (d)]. [Penal Law 135.60]. The crimes are parallel in statutory construction to crimes of Larceny by Extortion [Penal Law 155.05 (2) (e) 155.30 (6).</u>

<u>The City of Mount Vernon Corporation Police officers defendants to Section 1983 specific corrupt intent deliberate elicitation from the third parties facilitation to forgery of illegal evidence was made in Scienter Knowledge from The Mount Vernon Law Department Executive Employees (The Office defending the defendants Police officers to Section 1983 at the U.S.D.C. for the S.D.N.Y.) Public Employee Private Investigator Michael V. Lentini whom was a patron of Cecilia's Salon from the years of 2007 thru 2010, Michael V. Lentini stop to patronize the Salon in fear of being photographed there where the forgery of evidence takes place within 100 ft. to the Mandamus Section 1983 continued course of conduct at the site of the incidents.
The complainant sworn statement conforms to Rule 56 F.R.E. and Rule 73 F.R.P. General Provisions Governing Discovery; [See: EVIDENCE EXHIBIT N. 3 and EVIDENCE EXHIBIT N. 3 APPENDIX. For the incidents Docket # 09-21717, 5/26/09 and Docket # 09-22741, 6/1/09].</u>

The complainant in form of sworn statement F.R.E. 56 and F.R.P. 73 General Provisions Governing Discovery; during the personal investigation and the investigation authorized by The U.S.D.C. for the S.D.N.Y. the complainant discover an elaborate scheme of adverse possession of unlawful businesses peculation for pecuniary gain managed unlawfully by all of the third parties at the site to the compounding of a crime  incidents, the unlawful businesses varied from the management of the unlawful businesses, the not reporting personal earned income from the unlawful businesses Tax fraud, not reporting employees earned income fraud, irregular bank accounting by a person of interest Luisa Vidal an accounts manager at The H.S.B.C. Bank located at 123 Gramatan Avenue (the site to the Section 1983 Civil Claim) whom in the past owned a bakery at the Fernando Marques property (where the illegal evidence was made by forgery) the bakery where a fire bug enigma occur for a fire insurance indemnity which allowed for Fernando Marques to refurbish his run down edifice into 8 stores fonts.

The unlawful businesses and irregular bank accounting were ordered to seize after the complainant as the original source provider of the information referral to The Department of Treasury I.R.S., include also the suspicious circumstance of how third party Pedro Coelho obtain authorization to manage one of his adverse possession peculation businesses from inside A City of Mount Vernon Government Accredited Agency The 707 Yonkers/Mount Vernon Elks A Veterans Agency located at 88 West Lincoln Avenue, Mount Vernon NY 10550.

Explicit emphasis to the complaint, is the specific factor of Pedro Coelho, Knowledge to what Coelho wants to convey to the instrument of a crime, is his disparaging prohibited trademark; "Padaminas" "Duress by threat of loss of life, loss of limb, mayhem, or other harm to a person".

Pedro Coelho knows of his disparaging trademark, the documents from the seized unlawful peculation businesses, surrendered to the U.S.D.C. for the S.D.N.Y., where the very knowledge is visible Pedro Coelho register the trademark "Padaminas" to N.Y.S.  Business Registry as "Pada Café". [Cases: Trademarks; key, 1140].

Third party Pedro Coelho considers the Superior Knowledge to be a part in his "alter ego".

The specific suspicious circumstances to a continued course of conduct include the third party Pedro Coelho son in law Danielle P. DiMatteo whom was a counter person at one of his father in law unlawful businesses at the site of the incident 117 Gramatan Avenue (100 ft. from incident site) whom after the forgery of illegal evidence, was hired by the Police Department then later was dismissed for requesting to be transferred to The Town of East Chester where the principal assailant defendant to Section 1983 Michael Martins had transferred to.

4

The Mount Vernon Law Department defending the defendants to Section 1983 try to procure the misleading use of Danielle P. DiMatteo perjury barratry testimony at The U.S.D.C. for the S.D.N.Y. to claim the complainant sought to bribe his testimony in favor of the complainant. [EVIDENCE EXHIBITS N. 10, 11, 12, and 13]

The complainant discover for the first time at The U.S.D.C. for the S.D.N.Y. Section 1983 pretrial interrogatories the date of 9/12/11 the complete extent of an elaborate scheme for the specific corrupt intent fraudulent concealment to forgery of illegal evidence to the objective deceit of The State of New York Unified Court System at The U.S.D.C. for the S.D.N.Y. by the Mount Vernon Law Department Employees intracorporate conspiracy inception of vexatious vicarious mitigation against the plaintiff by deliberate elicitation from the third parties to act as the (wheel conspiracy spokes) after the complainant was continuously deliberately interjected by the Section 1983 defense Attorney Hina Sherwani from making questions as the cross-examiner to allow  for the witness testimony to be deposed within a reasonable latitude of the witness knowledge of the issues at hand as they are made to turn by substantive law.

The Law Department Public Employee defending the Section 1983 Civil claim in Scienter Knowledge deceit of the U.S.D.C. for the S.D.N.Y also disrupt the proceeding objectively to obliterate by repudiation of the witness Vera Lucia Almeida (Ferreira) deposed testimony after the witness had deposed testimony to Michael V. Lentini had been at the Salon the date of May 31st 2012 A: He was only there when we called for you. (Evidence Exhibit n. 5 at page 25)

The following repudiation is deposed by Attorney Hina Sherwany, A: There is no Investigator. A: Only Police, Attorney Hina Sherwani continue to inference repudiation with A: You see. If you would listen she just testified that there was no investigator, only Police. That was her answer.

The specific unknown fact is relevant to the case because the complainant already meet Michael V. Lentini the Years of 2008/2010 when Michael V. Lentini was as a patron of Cecilia's Salon often had his hair care tendered to by an hairdresser employee of the ex. Cecilia's Salon Vera Lucia Almeida (Ferreira), whom also tender to the plaintiff hair care the Years of 2008/09. EVIDENCE EXHIBIT N. 5, specific emphasis to Ferreira direct deposition at page n. 25. An attempt to commit an indictable offence is itself a crime. Preparation; Substantial Stet. Cf. [Cases: Criminal Law 44.]

The complainant discovers The City of Mount Vernon Law Department defense Attorney Hina Sherwani for the Section 1983 defendant officers, vexatious proceedings Attempt to use the fraud in Court deliberate elicitation facilitation fraudulent concealment to forgery of evidence concert of action by the third parties in tampering with witnesses false imprisonment of the-

-complainant as the defense visible deceit of the U.S.D.C. for the S.D.N.Y. to perjury testimony at Trial as the excuse for the prevarication by the defendants Police Officers for their false arrest and assault of the complainant as warranted by the complainants personal conduct.

The visible Attempt to perjury testimony deceit at the U.S.D.C. by a made instrument of a crime obtained from a forgery of illegal evidence objective to the illegal perversion use of process false imprisonment of the complainant is a connecting up Doctrine compounding of a crime! [EVIDENCE EXHIBIT N. 8]

The Month of December the 6th day of the Year 2012 the complainant was arrested and charged by The Mount Vernon Police Department with a misdemeanor Stalking in the 3rd, for uttering to the fraudulent concealment to the forgery of illegal evidence third parties draw away person whom is under the attaint for perjury witness Vera Lucia Almeida (Ferreira).

:You people take one minute to forge evidence but you take forever to turn yourselves to the authorities, after the utterance the complainant was submitted by The City of Mount Vernon Police Department Detectives Law Executives corrupt intent to abuse of process compounding of offences to unlawful arrest charge of Stalking 3rd for Attainder witness Vera L. Almeida.

On December 10th 2012 the non-Judicial charge of Harassment 2nd Physical Contact was accrued to the complaint by the Mount Vernon Police Department.

The complainant in form of sworn statement affirm to be obliged to produce his own legal defense litigation Due Process of the Law to The City of Mount Vernon Court retained Attorney & Counselor at Law Angelo G. MacDonald Esq. because of the Attorney ineffective assistance of counsel Legal malice misrepresentation as a court retained cognovits (a.k.a. fixer) for the court.

The City of Mount Vernon Court retained attorneys for the complainant are objectively hindering the defense by misleading ineffective assistance of counsel.

The complainant state in form of sworn statement the specific conduct to be objective to Obstruction of Justice tampering with witness Vera Lucia Almeida (Ferreira)!

On the date of March 21st 2013 third party Pedro Coelho made a false incident report against the petitioner, the instrument of a crime claims the petitioner entered Padaminas Bakery situated on 66 West Lincoln Avenue, threaten Pedro Coelho with: your days are counted, that i knew where the owner lived, and he will pay for all his troubles. Docket: 13-1128.
The Harassment 2nd Physical Contact, complaint is the same accrued on December 10th 2012 to witness Vera Lucia Almeida Ferreira complaint Stalking 3d Degree 12/6/12. Docket: # 12-4996.
February 14th 2014 the trial for the charge of Harassment 2nd—Physical Contact.

Pedro Coelho at the trial deposition conjectured perjury to his handwritten legal fiction, depose perjury to recant fact; the petitioner never went inside his business to threaten him.

Certificate of Disposition: Charges Dismissed, Order of Protection Vacated.

The Scienter Knowledge by The City of Mount Vernon Corporation Police Department 12/6/12 Instrument of a crime for the charge of Stalking 3rd Docket 12-4996 is the same Instrument of a crime used to on the date of 12/10/12 to adduce the charge Harassment 2nd Physical contact.

Hereto, Judge Adam Gross and Judge Hellen M. Blackwood whom decline to be the trial Judges for the Pedro Coelho Harassment 2d physical contact Docket: 13-1128 stating the reason for declining to be the Trial Judges to be the Judges personally know Pedro Coelho and his family!

Judges Adam Gross and Hellen M. Blackwood are of Scienter Knowledge of third party Pedro Coelho to exercise direct influence over the perjury by witness Vera Lucia Almeida (Ferreira).

The corrupt intent deliberate elicitation refusal of service attacks to force the petitioner into action or inaction, purpose a covert drawing forth of an incriminating outcome from the abuse of process commencement of deportation proceedings against petitioner legal claim litigation.

Objective to the limitation of actions to toll the Statute of Limitation by the collateral estoppel. *Concealment Rule* [Cases: Limitations of Actions, key, 104.]—Deliberate elicitation violates the Sixth Amendment. *Massiah v. United States,* 377 U.S. 201, 84 S. Ct. 1199 (1964).  Massiah Rule.

The complainant was under the obligation to produce the litigation for the defense of this compounding of offences case to Attorney at Law Alvin J. Thomas whom represent the complainant throughout the trial verdict disposition Charges dismissed!

The complainant appear at Mount Vernon City Court for the false statements made by Pedro Coelho at Court proceedings and trial an additional 10 Court proceedings.

Hereto, the plaintiff was placed under unlawful arrest false imprisonment the date of 12/6/12 for well over one Month until posting a $ 2.000 bail for City Court of Mount Vernon then made to appear in City of Mount Vernon, City Court an additional 25 from the date 12/6/12 through 5/12/15 City Court proceedings for a total of 35 Court appearances for the vicarious mitigation abuse of process unlawful arrest false imprisonment for the third parties direct influence to use draw away person by foreign attachment tampering with witness Vera Lucia Almeida (Ferreira) Stalking 3rd Docket 12-4996 then convicted for the adduced charge  same Instrument of a crime used the date of 12/10/ 12 the charge of Harassment 2nd Physical contact the same charge made by Pedro Coelho false statements tampering with public record. [EVIDENCE EXHIBIT N. 6]

The plaintiff in form of sworn statement affirm the specific corrupt intent by the defendants to Section 1983 Mandamus Civil claim 10 Civ. 4125 deliberate the elicitation from third parties concert of action compounding of a crime fraudulent concealment to forgery of illegal evidence to Coerce the plaintiff Signature to an instrument of a crime by forgery is a Court fraud by Statute. The illegal perversion of process misleading misuse of the Title M Art. 230.34 Coercion Statute which is parallel in statutory construction to the crimes of Larceny by Extortion, makes the corrupt intent of the defendants to Section 1983 concert of action with the third parties whom by foreign attachment direct influence witness Vera Lucia Almeida (Ferreira) to act as the draw away person to the wrongdoers specific intent forfeiture by wrongdoing to defraud the plaintiff at trial is an adjudicative attempt Administrative crime shadowy extortion scheme. Title M Art. 230.34 The Coercion Statute [Penal Law ~ 135.60(4)] [Penal Law ~ 230.34(5) (d)]. [Penal Law 135.60]. The crimes are parallel in statutory construction to crimes of Larceny by Extortion [Penal Law 155.05 (2) (e) 155.30 (6).

The City of Mount Vernon Police Department defendants to Mandamus Section 1983 10 Civ. 4125 Jose da Costa v. Sergeant Marcucilli wearing the color of the State and The City of Mount Vernon Law Department Public Employees Hina Serwani and Michael V. Lentini Scienter knowledge specific corrupt intent criminal negligence in deliberate elicitation from third parties compounding of a crime in fraudulent concealment to forgery of made illegal unconstitutional evidence objective to Coerce the Signature of the plaintiff to an instrument of a crime to obtain the unlawful arrest and subsequent illegal perverted use of process conviction false imprisonment of the plaintiff for **one year**, constitutes an attempt Administrative crime of deliberate deprivation of the plaintiff Civil Rights and of the Due Process Equal protection of laws hereto, in violation of The U.S.A. Constitution Fourth Amendment, the Fifth Amendment, The Sixth Amendment, The Seventh Amendment and The Fourteenth Amendment.

The specific corrupt intent objective Obstruction of Justice to defraud the plaintiff at The U.S.D.C. for the S.D.N.Y. Mandamus Section 1983 Trial by the specific corrupt intent fraud deceit of The State of New York, Unified Court System violates the ethical conduct protocol of The State of New York Administrative Law policy and is not substantiated by Civil Rights legislation to promote sustainable social policies for the empowerment of minorities.

By itself the specific corrupt intent criminal negligence wrongdoing lies on the grounds for fact biased deliberate deprivation of the plaintiff Civil Rights by the illegal perversion use of process Fundamental miscarriage of Justice to force the forbearance of a prescribed act in the form of a controlled substance, for which the illegal perversion objective is the self-dealing wrongful procurement of equitable estoppel in favor of the wrongdoers as the executors of their own wrongdoing to at a later date misuse in vexatious proceedings of vicarious mitigation abuse of-

8

-process to endeavor the plaintiff by a systematic continued course of conduct causing plaintiff either into action or inaction by the hindering of the plaintiff litigation, an U.S.A. Constitution Fourth and Seventh Amendment Civil right to file a Civil action suit at Law against defendants.

The selective enforcement and prosecution specific corrupt intent to cause a deliberate Civil impediment to the plaintiff common calling career to take advantage of the weak financial position endeavor in the illegal perversion use of the vexatious proceedings vicarious mitigation abuse process, expecting the plaintiff to act to his own detriment from the deliberate deprivation of Civil Rights violent nature of the crime, where the confederate accessory parties to the compounding of a crime wonton includes a deliberate specific corrupt intent for the imputation of Slander per quo for the disparate treatment intentional infliction of emotional distress against the plaintiff, for the objective wrongful purpose to obtain a forfeiture by wrongdoing  illegal perverted abuse of process as a chilling effect that shocks the conscience.

The specific corrupt intent by the confederate third parties concert of action in foreign attachment tampering with witnesses direct influence misleading witness Vera Lucia Almeida (Ferreira) by the use of business compulsion (a form of coercion) to act as a draw away person to the third parties fraudulent concealment to forgery of made illegal evidence, by withholding testimony with regard to the plaintiff legal defense and Civil Rights Claim, to usurp the function of the Jury at trial and obtain verdicts in favor of the defendants is an element to the fraud and coercion analogous crimes which by statute is construed parallel to Larceny by extortion.

The temporary employment of Pedro Coelho son in law Danielle P. DiMatteo at The Mount Vernon Police Department and is dismissal from the Police Department is an element to the Section 1983 Civil Rights Claim, The City Mount Vernon Law Department Public Employees were of Scienter knowledge specific corrupt intent when misleading the confederate concert of action employment was an attempt to misuse DiMatteo testimony in barratry at trial to perjury testimony to: the plaintiff had tried to bribe DiMatteo testimony in favor of the plaintiff.

The plaintiff in form of sworn statement affirm the deliberate deprivation of Civil Rights from the fraud, unlawful arrest, illegal perverted use of process, false imprisonment, and vicarious mitigation abuse of process disparate treatment has caused the plaintiff to sustain substantial financial losses endeavor from not being able to pursue a common calling Constitutional Law Civil Right to pursue a salaried career as a Class A Truck Driver, that due to the Class A license endorsements can be salaried between the inexperienced Driver $35.000 per capita a year and with 2 years plus thru 5 years of experience $65.000 to $100.000 per capita a year, this is an intentional endeavor loss of salaried earnings causation of the illegal perverted use of vicarious mitigation in abuse of process that can be estimated Pro Rata for income losses.

Hereto, the knowing deliberate deprivation of the plaintiff Civil Rights caused the plaintiff losses in the litigation endeavor and common calling personal losses of Liberty, Life, and Property.

The plaintiff Jose Antonio Mendes da Costa in form of sworn statement F.R.E. 56 and F.R.P. 73 formal request from The U.S.D.C. for the S.D.N.Y. presiding Chief Judge and Magistrate for the Section 1983 Mandamus Civil Claim to be Tried on Fact Law, in view of the Split-level Statue Special pleading issues of the complaint to be Governed by The fraudulent concealment Rule where the specific corrupt intent from the defendants to Section 1983 10 Civ. 4125 is to deliberate the elicitation concert of action compounding of a crime from the third parties class based animus fraudulent concealment to forgery of illegal evidence analogous crime to the fraud and perjury to Coerce the Signature of the plaintiff to an instrument of a crime by forgery in a sham transaction objective to misleading the illegal perversion use of process to defraud the plaintiff at the U.S.D.C. for the S.D.N.Y. hereto, the Fundamental Miscarriage of Justice forfeiture by wrongdoing as Rule 9 (b) state are matters particularly within the knowledge of the opposing party unethical conduct to commit the immoral consideration attempt Administrative crime compounding of offences fraud, logrolling against form and statute.

The Ninth Amendment the Constitutional Amendment, ratified with the Bill of Rights in 1791, providing that Rights listed in the Constitution must not be construed in a way that either denies or disparages unlisted rights, which are retained by the people.
[Cases: Constitutional Law, key 1070.]

**The Section 42 U.S.C. 1983 Civil Rights Claim**
**complete preemption doctrine complaint content and all of the elements in form of sworn**
**statement is a copy of a complaint submitted by plaintiff the date of August 3rd 2015 to:**
**The Office of The State New York Attorney General Eric T. Schneiderman.**

10

COMPLAINT: <u>The Section 42 U.S.C. 1983 Civil Rights</u>
<u>Claim complete preemption doctrine complaint content and all of the elements in form of</u>
<u>sworn statement is a copy of a complaint submitted by plaintiff the date of August 3rd 2015</u>
<u>to: The Office of The State New York Attorney General Eric T. Schneiderman.</u>

<u>The complainant in form of sworn statement Fed. Rule of Evidence 56 affirm the subject matter</u>
<u>at the inception of the initial incidents the Month of November the Year of 2008 when the</u>
<u>persons named as the wrongdoers whom by the specific corrupt intent to tamper with public</u>
<u>records make false statements against the complainant objective to obtain the unlawful arrest</u>
<u>of the complainant from a prevarication consisting of: 1) placing handcuffs on  the complainant</u>
<u>then surrounding the complainant and shouting loudly requesting for the complainant not to</u>
<u>resist arrest as a Police officer violently pull the complainant head back and forth off a brown</u>
<u>stone wall causing contusions to the complainants head, incident n. 08-39916, date 11/6/08.</u>

<u>The defendants to Section 1983 who had their names on the above instrument of a crime</u>
<u>objective to intimidate the complainant in public when driving by on Gramatan Avenue on</u>
<u>several occasions threaten to intimate for the complainant to beware of what was to come!</u>

<u>The date of 11/27/08 the complainant after placing laundry to wash at the Double Bubble</u>
<u>Laundromat the complainant walk leisurely 100 ft. South on Gramatan Avenue stopping before</u>
<u>the intersection with Sidney Avenue where the sidewalk esplanades in front of the H.S.B.C.</u>
<u>Bank on 123 Gramatan Avenue, as the complainant enjoy the nearing Thanksgiving evening</u>
<u>Police officer Johnny Camacho driving a patrol vehicle on E. Sidney Avenue with the vehicle</u>
<u>window half rolled open, ask from inside the patrol car: hey Jose are you alright; continue</u>
<u>driving then turn North on Gramatan Avenue stopping the patrol car in front of the</u>
<u>complainant then repeat hey Jose are you alright, i reply i am alright, the officer reply, you</u>
<u>don't look alright to me then proceed to exit the patrol vehicle to meet with the complainant</u>
<u>on the sidewalk while communicating on the personal radio his location.</u>

<u>The conversation being directed by officer Camacho to the complainant consisted of the</u>
<u>repetition of: Jose you don't look alright to me, and had the duration of 5 minutes when senior</u>
<u>officer Sergeant Michael Marcucilli driving his patrol vehicle on E. Sidney stop his vehicle there,</u>
<u>exit his vehicle to meet with officer Camacho using derogatory speech towards the</u>
<u>complainant: Jose you piece of shit what are we going to do with you, then turn officer</u>
<u>Camacho what are we going to do with Jose, at this time of the harassment prevarication that</u>
<u>last for 5 minutes the complainant was intimidated by the wonton of the officers to submit the</u>
<u>complainant to an unlawful arrest hereto wait for a decision by the Sergeant Marcucilli.</u>

At this time Officers Michael Martins and Jesus Garcia driving a patrol car South on Gramatan Avenue pulled into the North lane parking their vehicle in front of the vehicle driven by Officer Camacho exiting the vehicle putting on leather gloves and standing behind the complainant.

The prevarication against the complainant whom was facing the senior officer Sergeant Marcucilli whom was by the side of officer Camacho know was between the officers in front of the complainant and to the rear of the complainant has Sergeant Marcucilli exchange wording with Martins and Camacho, the Sergeant ask what are we going to charge Jose with resisting arrest, officer Martins reply i say we tack him his Jose under arrest then proceed to handcuff the complainant after the complainant was handcuffed Martins say one last time i say we tack him the complainant heard one last word from officer Martins tack him.

At this time the complainant was placed in a choke hold by Martins negligent demeanor thrown to the ground where Martins seeming out of control take to punch the complainants face until the complainant in pain and fear for injuries turn the face down towards the ground at this time Martins reposition himself to isolate the complainant head then having done so continued to punch my face and head when this take place officer Jesus Garcia start to kick the complainant lumbar the punching and kicking last for approximately 5 minutes has Sergeant Marcucilli and Officer Camacho stood by without intervention to prevent the injuries to the complainant.

When the complainant was picked up from the ground there blood trickling from the complainants head and face there were a two unmarked vehicles on the site as witnesses stood outside of their workplaces to presence the assault of the complainant and the commotion.

Hereto, the complainant was placed under unlawful arrest for a specific corrupt intent prevarication by the police officers named for whom the complainant had not any bereft of reason to resist a false statements arrest for any infraction the complainant was not guilty of. [Incident N. 08-43195, date 11-27-08, See: EVIDENCE EXHIBIT N. 2]

The Mount Vernon Police Department patrol vehicles had not any video cameras inside the vehicles a reason that fuel the wrongdoers' wonton as the executors of their own wrongdoings, the Mount Vernon Police Department installed patrol car video cameras the Year of 2013 after the Section 1983 trial decision with prejudice to the complainant the date of 11/5/12.

The incidents above were the complainant cause of action for the Section 1983 Mandamus Civil Claim 10 Civ. 4125 Jose da Costa v. Sergeant Marcucilli.

**The Complaint fact:** issues at hand take place subsequently after the above incidents the date of 6/1/09 when the Police officers defendants to the Section 1983 of immoral consideration specific corrupt intent deliberate the elicitation from the third parties Marques, Castro, Rodrigues and Pedro Coelho facilitation to compounding of a crime by the fraudulent concealment to forgery of illegal evidence false statements perjury to Coerce the signature of the complainant to an instrument of a crime by forgery, objective to forfeiture by wrongdoing.

Federal Rule of Evidence 56 sworn statements evidence provided conforms to business records.

The complainant on the date of 6/1/09 compounding of a crime unlawful arrest had not any relevant knowledge to the defendants to Section 1983 pending litigation deliberate elicitation from the third parties facilitation to fraudulent concealment to forgery of illegal evidence fraud, false statements perjury to coerce the Signature of the complainant to an instrument of a crime by forgery, other than the third party Cecilia Rodrigues had been meeting after work with the defendants to Section 1983 Sergeant Marcucilli, officer Camacho, and officer Garcia whom often wait for Rodrigues at a parking lot where she parked her vehicle.

The complainant was only able discover the third parties relationship as accessories to the defendants to Section 1983, after The U.S.D.C. for the S.D.N.Y. Chief Judge Cathy Seibel and Magistrate Lisa Smith authorized the pretrial investigation for Mandamus Section 1983 10 Civ. 4125. The Month of February 2011.

The Month of March the Year of 2010 after release from false imprisonment the complainant was forced to conduct a personal investigation of the third parties to counter public physical threats by third party Moacir Castro, the personal investigation before and after the U.S.D.C. for the S.D.N.Y. authorization for a pretrial investigation produced the true documents to the complaint sworn statement:

The City of Mount Vernon Corporation Police officers defendants to Section 1983  specific corrupt intent deliberate elicitation from third parties facilitation to forgery of illegal evidence was made in Scienter Knowledge from The City Court Ass. Judge Adam Seiden whom facilitate the fraudulent concealment to forgery of illegal evidence by the third parties concert of action by the alteration of instruments of a crime aided by the Court retained defense Attorney Jean B. Auguste Scienter inefficient assistance of counsel negligence to change the defendant complainant obligation from the forgery instrument of a crime made by Fernando Marques Criminal Mischief 4th to that of a third parties direct influence by foreign attachment witness Vera Lucia Almeida Ferreira, in taking advantage of the illegal status immigrant hairdresser employee at the third party Fernando Marques owned Salon managed by third party Cecilia Rodrigues where the illegal evidence forgery is made hereto, misuse the business compulsion-

3

-(a form of coercion) of the witness to act as a draw away person to the third parties immoral consideration in the facilitation of the fraud forgery of illegal evidence by submitting a made infraction complaint of Harassment 2nd the date 5/26/09 in preparation for the forgery of illegal evidence 6/1/09 then direct influence the witness to withhold testimony with regard to the complainant legal defense, perjury at trial to usurp the function of the Jury to obtain a verdict in favor of the third parties wrongdoers objective to the false imprisonment of the complainant.

This is an Adjudicative fact The City Court of Mount Vernon Assistant Judge Adam Seiden ignore in Scienter knowledge of the Law when effecting the Arbitrary alteration of instruments of a crime to the forgery of evidence by the third parties when in self-dealing signing for the two orders of protection for Harassment 2nd and Criminal Mischief 4th on the same legal grounds.

Assistant Judge Adam Seiden was caught by an investigation and charged for unlawful conduct as a sitting Judge representing the City of Mount Vernon Board of Housing the date of 11/2010.

The derelict official act Attempt Administrative crime contained in the instruments of a crime evidence provided by the third party Fernando Marques of a receipt for a door closer value of $70.44c., for the objective unlawful arrest, sham trial repugnant verdict, false imprisonment of the complainant to deprive the complainant of The U.S.A. Constitutional Civil Rights in violation of The Fourth Amendment hereto, is not substantiated by Statute, Title, Article, or subdivision the statutory requirement for Criminal Mischief 4th, the criminal charge of Property and Damage Intrusion Title 1 Art. 145, 145.00 Criminal Mischief 4th the damage is to exceed the value of $250.00 by fact law in the Art. 145.00. [See: Evidence Exhibit N. 3 and Appendix N.3]

The Apex Juris analysis of the complex litigation involved to consummate the Attempt Administrative crime sham trial adjudication constitutes, a shadowy extortion scheme being committed by a class of persons whom in Scienter knowledge are acting outside from the unlawful prerequisite scope to the Section 1983 Civil Claim Police officers defendants deliberate elicitation from the third parties and in knowledge of the necessary elements for a continued course of conduct sybaritic turpitude criminal coercion illegal perverted use of process fraud also too constitute the necessary prerequisite elements for the fraudulent concealment to the Title 10 Compounding of a Crime Offences adjudication, the fraudulent concealment for the fabrication of the Instruments of a crime, constitutes a PL 165.15 Theft of services Subdivision 10, after the principal and the accessory wrongdoers concert of action false statement perjury caused the complainant unlawful arrest by misuse of the Title M Art. 230.34 The Coercion Statute [Penal Law ~ 135.60(4)] [Penal Law ~ 230.34(5) (d)]. [Penal Law 135.60]. The crimes are parallel in statutory construction to crimes of Larceny by Extortion [Penal Law 155.05 (2) (e) 155.30 (6). [See: TABLE OF AUTORITIES N. 1]

The City of Mount Vernon Corporation Police officers defendants to Section 1983 specific corrupt intent deliberate elicitation from the third parties facilitation to forgery of illegal evidence was made in Scienter Knowledge from The Mount Vernon Law Department Executive Employees (The Office defending the defendants Police officers to Section 1983 at the U.S.D.C. for the S.D.N.Y.) Public Employee Private Investigator Michael V. Lentini whom was a patron of Cecilia's Salon from the years of 2007 thru 2010, Michael V. Lentini stop to patronize the Salon in fear of being photographed there where the forgery of evidence takes place within 100 ft. to the Mandamus Section 1983 10 Civ. 4125, continued course of conduct site of the incidents.

The complainant sworn statement conforms to Rule 56 and Rule 73 F.R.P. General Provisions Governing Discovery; See: EVIDENCE EXHIBIT N. 3 and EVIDENCE EXHIBIT N. 3 APPENDIX. For the incidents Docket # 09-21717, 5/26/09 and Docket # 09-22741, 6/1/09.

The Appeal for the specific inception of fraudulent concealment facilitation forgery of illegal unconstitutional evidence compounding of a crime in statutory insufficiency of evidence unlawful arrest Criminal Mischief 4th alteration of instruments of a crime at The City of Mount Vernon Court was stayed at The Appeals Court for the Ninth Circuit.
The Mount Vernon City Court Docket No. 09-2997. – Appeal Court Case 09-02252 W C R. Appealed from The Appellate Court for the Ninth Judicial District!

The objective for the not authorized illegal perversion of process to obtain a case with identical trier facts to the facts to be tried at The U.S.D.C. for the S.D.N.Y. Section 1983 Civil claim 10 Civ. 4125 to pad the defendants Mount Vernon Police officers defendants at Trial and obtain the vicarious mitigation verdict in favor of the defendants with prejudice to the complainant.

The complainant state in form of sworn statement F.R.E. 56 and F.R.P. 73 General Provisions Regarding Discovery; during the personal investigation and the investigation authorized by The U.S.D.C. for the S.D.N.Y. the complainant discover an elaborate scheme of adverse possession of unlawful businesses peculation for pecuniary gain managed unlawfully by the all of the third parties at the site of the compounding of a crime  incidents, the unlawful businesses varied from the management of the unlawful businesses, the not reporting personal earned income from the unlawful businesses Tax fraud, not reporting employees earned income fraud, irregular bank accounting by a person of interest Luisa Vidal an accounts manager at The H.S.B.C. Bank located at 123 Gramatan Avenue (the site to the Section 1983 Civil Claim) whom in the past owned a bakery at the Fernando Marques property (where the illegal evidence was made by forgery) the bakery where a fire bug enigma occur for a fire insurance indemnity which allowed for Fernando Marques to refurbish his run down edifice into 8 stores fonts.

The unlawful businesses and irregular bank accounting were ordered to seize after the complainant as the original source provider of the information referral to The Department of Treasury I.R.S., include also the suspicious circumstance of how third party Pedro Coelho obtain authorization to manage one of his adverse possession peculation businesses from inside A City of Mount Vernon Government Accredited Agency The 707 Yonkers/Mount Vernon Elks A Veterans Agency located at 88 West Lincoln Avenue, Mount Vernon NY 10550.

Explicit emphasis to the complaint, is the specific factor of Pedro Coelho, Knowledge to what Coelho wants to convey to the instrument of a crime, is his disparaging prohibited trademark; "Padaminas" "Duress by threat of loss of life, loss of limb, mayhem, or other harm to a person".

Pedro Coelho knows of his disparaging trademark, the documents from the seized unlawful peculation businesses, surrendered to the U.S.D.C., where the very knowledge is visible Pedro Coelho register the trademark "Padaminas" to N.Y.S.  Business Registry as "Pada Café". [Cases: Trademarks; key, 1140].

Third party Pedro Coelho considers the Superior Knowledge to be a part in his "alter ego".

The specific suspicious circumstances to a continued course of conduct include the third party Pedro Coelho son in law Danielle P. DiMatteo whom was a counter person at one of his father in law unlawful businesses at the site of the incident 117 Gramatan Avenue (100 ft. from incident site) whom after the forgery of illegal evidence was hired by the Police Department then later was dismissed for requesting to be transferred to The Town of East Chester where the principal assailant defendant to Section 1983 Michael Martins had transferred to.

The Mount Vernon Law Department defending the defendants to Section 1983 try to procure the misleading use of Danielle P. DiMatteo perjury barratry testimony at The U.S.D.C. for the S.D.N.Y. to claim the complainant sought to bribe his testimony in favor of the complainant. [See: EVIDENCE EXHIBITS N. 10, 11, 12, and 13]

**2)**

The complainant discover for the first time at The U.S.D.C. for the S.D.N.Y.  Section 1983 pretrial interrogatories the date of 9/12/11 the complete extent of an elaborate scheme for the specific corrupt intent fraudulent concealment to forgery of illegal evidence to the objective deceit of The State of New York State Unified Court System at The U.S.D.C. for the S.D.N.Y. by the Mount Vernon Law Department Employees intracorporate conspiracy inception of vexatious vicarious mitigation against the complainant by deliberate elicitation from the third parties to act as the (wheel conspiracy spokes) after the complainant was continuously deliberately interjected by the Section 1983 defense Attorney Hina Sherwani from making questions as the cross-examiner to allow  for the witness given testimony to be deposed within a reasonable latitude of-

-witness knowledge of the issues at hand as they are made to turn by substantive law.

The Law Department Public Employee defending the Section 1983 Civil claim in Scienter Knowledge deceit of the U.S.D.C. for the S.D.N.Y also disrupt the proceeding objectively to obliterate by repudiation of the witness Vera Lucia Almeida Ferreira after the witness had deposed testimony to Michael V. Lentini had been at the Salon the date of May 31st 2011 A: He was only there when we called for you. (See: Evidence Exhibit n. 5 at page 25)

The following repudiation is deposed by Attorney Hina Sherwany, A: There is no Investigator. A: Only Police, Attorney Hina Sherwani continue to inference repudiation with A: You see. If you would listen she just testified that there was no investigator, only Police. That was her answer.

The specific unknown fact is relevant to the case because the complainant already meet Michael V. Lentini the Years of 2008/2010 when Michael V. Lentini was as a patron of Cecilia's Salon often had his hair care tendered to by employee Hairdresser of the Salon Vera Lucia Almeida (Ferreira), whom also tender to the complainant patron hair care the Years of 2008/09.

EVIDENCE EXHIBIT N. 5, specific emphasis to Ferreira direct deposition at page n. 25.

An attempt to commit an indictable offence is itself a crime. Preparation; Substantial Stet. Cf. [Cases: Criminal Law 44.]

The Complainant on the date of February 28th the Year of 2012 file a Sealed Document to the U.S.D.C. for the S.D.N.Y. for the Section 1983; Affirmation in Opposition to Defendants Motion for Summary Judgment, where the complainant state all of the conduct being undertaken by the City of Mount Vernon Corporation in defense of the defendants to Section 1983 Civil claim.

Hereto, the defendants to Section 1983 illegal criminal conduct forfeiture by wrongdoing.

The U.S.D.C. Sealed document on page 19 and 20 is specific of the complainant concern for the past, present, and future retaliation by the defendants wearing the color of the State, for future specific corrupt intent to compounding of a crime vicarious mitigation abuse of process.

On page 20 of the U.S.D.C. Sealed Document the complainant state the specific instrument of a crime the defendants to Section 1983 and the accomplice third parties were planning to accuse the complainant in future compounding of a crime abuse of process vicarious mitigation.

The Public Health and Morals Offences Title M, Article 230.
The coercion statute refers to the actor's accusing some person of a crime or causing criminal charges to be instituted [Penal Law ~ 135.60(4)].

This statute adds the causing of the deportation proceedings to be instituted [P.L. ~ 230.34 (5) (d)].

The coercion statute catchall provision applies to conduct calculated to harm a person's "health, safety, business, calling, career, financial condition, reputation or personal relationships; 1. By "unlawfully providing a controlled substance to such person with intent to impair said person's judgment.

2. By "requiring that the labor be performed to retire, repay, or service a real or purported debt that the actor has caused by a "systematic ongoing course of conduct."
There is no statutory definition of the term and it is only clear that an "isolated incident" does not constitute "a systematic ongoing course of conduct *Com. P.L. 120.40* under the sub-heading of "stalking" "course of conduct" "intent to defraud"; *Causation and Repentance: Reexamining Complicity in Light of Attempts Doctrine 3N.Y.U. J.L. & Liberty 155 (2008) Stalking Humans:* is there a need for Federalization of anti-stalking laws in order to prevent recidivism in stalking?

*Stopping New Yorkers' stalkers:* an anti-stalking law for the new millennium.

Hereto, misuse the instrument of a crime in the future vicarious mitigation abuse of process for which the authorizer for the forgery of evidence is Fernando Marques for whom the Criminal Mischief 4th instrument of a crime was made to by the Mount Vernon Police Department and who submit a receipt for the instrument of a crime date 6/2/09 where the door closer is valued at $70.44 which do not substantiate the damage for the criminal charge Property and Damage Intrusion Title 1 Art. 145, 145.00 Criminal Mischief 4th the damage is to exceed the value of $250.00 as in the Art. 145. [See: EVIDENCE EXHIBIT N. 3 AND APPENDIX N. 3]

The complainant unlawful arrest and subsequent false imprisonment is not substantiated by Statute, Title, Article or subdivision.

The U.S.D.C Sealed Document is a key element to the concert of action continued course of conduct by defendants to Section 1983 and the accomplice third parties abuse of process.

The complainant state the connecting-up doctrine after The U.S.D.C. for the S.D.N.Y. Trial verdict in favor of defendants officers to Section 1983, with prejudice to the complainant the Month of November on the 5th day the Year of 2012.

[EVIDENCE EXHIBIT N. 7], [evidence exhibits N. 3 with the respective Appendix N. 3].

8

The complainant discovers The City of Mount Vernon Law Department defense Attorney Hina Sherwani for the Section 1983 defendant officers, vexatious Attempt to use the fraud in Court deliberate elicitation facilitation fraudulent concealment to forgery of evidence concert of action by the third parties in tampering with witnesses false imprisonment of the complainant as the defense visible Obstruction of Justice deceit of the U.S.D.C. for the S.D.N.Y. to perjury testimony at Trial as the excuse for the prevarication by the defendants Police Officers for their false arrest and assault of the complainant as warranted by the complainants personal conduct.

The visible Attempt to perjury testimony deceit at the U.S.D.C. by a made instrument of a crime obtained from a forgery of illegal evidence objective to the illegal perversion use of process false imprisonment of the complainant is a connecting up Doctrine compounding of a crime! [See: EVIDENCE EXHIBIT N. 8]

3) The Month of December the 6th day of the Year 2012 the complainant was arrested and charged by The Mount Vernon Police Department with a misdemeanor Stalking in the 3rd, for uttering to the fraudulent concealment to the forgery of illegal evidence third parties draw away person whom is under the attaint for perjury witness Vera Lucia Almeida (Ferreira).

: You people take one minute to forge evidence but you take forever to turn yourselves to the authorities, after the utterance the complainant was submitted by The City of Mount Vernon Police Department Detectives Law Executives corrupt intent to abuse of process compounding of offences to false arrest on the charges of Stalking 3rd for Attainder witness Vera L. Almeida.

On December 10th 2012 the non-Judicial charge of Harassment 2nd Physical Contact was accrued to the complaint by the Mount Vernon Police Department.

The complainant in form of sworn statement affirm to be obliged to produce his own legal defense litigation Due Process of the Law to The City of Mount Vernon Court retained Attorney & Counselor at Law Angelo G. MacDonald Esq. because of the Attorney ineffective assistance of counsel Legal malice misrepresentation as a court retained cognovits (a.k.a. fixer) for the court.

The City of Mount Vernon Court retained attorneys for the complainant are objectively hindering the defense by misleading ineffective assistance of counsel.

The ineffective assistance is made in Scienter knowledge of self-dealing for the self-help of the compounding of a crime continued course of conduct abuse of process for objective obliteration to the fraudulent concealment of the fraud deceit hindering of the legal defense hereto, the City Court retained counsel ineffective assistance is made in Scienter Knowledge-

-continued course of conduct to mislead The State of New York Unified Court System of the deliberate overreaching by the self-dealing Judges decisions to further the fraudulent concealment of the deliberate elicitation for the witnesses perjury at trial.

The objective fraud concealment of the witnesses perjury is not made by the Judges ignorance of the facts Law, this deliberate deceit by the sitting Judges is an artificial situation created to conceal the knowledge of the attaint illegal perversion of process Title 10 compounding of a crime and the subsequent unlawful arrest and the false imprisonment of the complainant by the prerequisite compounding of a crime Subsection 10 Theft of services forgery of the illegal evidence to coerce the signature of the complainant to an instrument of a crime by forgery.

The complainant in form of sworn statement affirm the Assistant District Attorney's and the Judges for The City of Mount Vernon Court at Ronald A. Blackwood Building in self-dealing knowing intentional Arbitrary overreaching negligence are not acting in ignorance of the law because the complainant litigation submitted to the Trial Court by the Court retained Attorney & Counselor at Law Angelo G. MacDonald state all of the elements of the case specific issues at hand as they are made to turn by substantive law accurately by Statute, Title, Article and Sub.

Hereto, the principal persons' defendants to Section 1983 and the deliberate elicitation accomplices third parties in facilitation to the compounding of a crime fraudulent concealment compounding of offences forgery of illegal evidence to obtain the signature of the complainant to the instruments of a crime by forgery are all named in the well pleaded complaint.

Hereto, Judge Adam Gross and Judge Hellen M. Blackwood whom decline to be the trial Judges for the Pedro Coelho Harassment 2d physical contact Docket: 13-1128 stating the reason for declining to be the Trial Judges, to be the Judges personally know Pedro Coelho and his family!

The complainant in form of sworn statement affirm the presiding sitting Trial Judge Honorable Hellen M. Blackwood to be knowledgeable of fact Law to know all the false statements in false imprisonment of the complainant to be construed from the **Public Health and Moral Offences** Title M Art. 230.34 The Coercion Statute [Penal Law ~ 135.60(4)] [Penal Law ~ 230.34(5) (d)]. [Penal Law 135.60]. The crimes are parallel in statutory construction to crimes of Larceny by Extortion [Penal Law 155.05 (2) (e) 155.30 (6).

Complainant in form of sworn statement affirm Hon. Judge Hellen M. Blackwood to be of the necessary Adjudication knowledge of the Law to know the unlawful arrest false imprisonment of the complainant constitutes a violation of The Constitution Fourth Amendment, Hon. Judge Hellen M. Blackwood adjudicate a no Jury lesser charge Harassment 2nd P.L. 240.26  Guilty-

-verdict 5/12/2015 with 30 hours community service and a two year order of protection for the disposition of the unlawful arrest by The Mount Vernon Police Department for Stalking 3rd.

The complainant state in form of sworn statement affirmation for the specific conduct to be of the objective to Obstruction of Justice tampering with witness Vera Lucia Almeida (Ferreira)l

4) On the date of March 21st 2013 third party Pedro Coelho made a false incident report against the petitioner, the instrument of a crime claims the petitioner entered Padaminas Bakery situated on 66 West Lincoln Avenue, threaten Pedro Coelho with: your days are counted, that i knew where the owner lived, and he will pay for all his troubles. Docket: 13-1128.

The Harassment 2nd Physical Contact, complaint is the same accrued on December 10th 2012 to witness Vera Lucia Almeida Ferreira complaint Stalking 3d Degree 12/6/12. Docket: # 12-4996.

February 14th 2014 the trial for the charge of Harassment 2nd—Physical Contact.

Pedro Coelho trial deposition conjectured perjury to his handwritten legal fiction.

Depose perjury to recant fact; the petitioner never went inside his business to threaten him.

Certificate of Disposition: Charges Dismissed, Order of Protection Vacated.

The Scienter Knowledge by The City of Mount Vernon Corporation Police Department 12/6/12 Instrument of a crime for the charge of Stalking 3rd Docket 12-4996 is the same Instrument of a crime used to on the date of 12/10/12 to adduce the charge Harassment 2nd Physical contact.

Hereto, Judge Adam Gross and Judge Hellen M. Blackwood whom decline to be the trial Judges for the Pedro Coelho Harassment 2d physical contact Docket: 13-1128 stating the reason for declining to be the Trial Judges, to be the Judges personally know Pedro Coelho and his familyl

Judges Adam Gross and Hellen M. Blackwood are of Scienter Knowledge of third party Pedro Coelho to exercise direct influence over the perjury by witness Vera Lucia Almeida (Ferreira).

The corrupt intent deliberate elicitation refusal of service attacks to force the petitioner into action or inaction, purpose a covert drawing forth of an incriminating outcome from the abuse of process commencement of deportation proceedings against petitioner legal claim litigation.

Objective to the limitation of actions to toll the Statute of Limitation by the collateral estoppel. *Concealment Rule* [Cases: Limitations of Actions, key, 104.]—Deliberate elicitation violates the Sixth Amendment. *Massiah v. United States,* 377 U.S. 201, 84 S. Ct. 1199 (1964). Massiah Rule.

The complainant was under the obligation to produce the litigation for the defense of this compounding of offences case to Attorney at Law Alvin J. Thomas whom represent the complainant to the throughout trial verdict disposition Charges dismissedl

The complainant appeared to false statements Court proceedings an additional 10 Court proceedings a total of 35 Court appearances for the vicarious mitigation abuse of process unlawful arrest false imprisonment for the Stalking 3rd Docket 12-4996 the same Instrument of a crime used the date of 12/10/12 to adduce the charge of Harassment 2nd Physical contact. [EVIDENCE EXHIBIT N. 6]

5) The complainant state in form of sworn F.R.E. 56 and F.R.P 73 General Provisions Governing Discovery; the defendants to Section 1983 deliberate elicitation from the third parties fraud fraudulent concealment to forgery of illegal evidence compounding of a crime false statements perjury illegal perversion use of process to coerce the complainant signature to instruments of crime by forgery requires Scienter knowledge prerequisite unethical immoral consideration mens rea animus to commit the negligent disregard bias crime against the complainant by wonton to injure, diminish in value, and waste away thru the coercion duress endeavor to force complainant to forbear a prescribed act, by the specific corrupt intent to deprive complainant of The U.S.A. Constitutional Civil Rights in violation of the Constitution Fourth Amendment.

The defendants to Section 1983 wearing the color of the State had the knowledge of the specific corrupt intent self-help deliberate elicitation from the third parties forgery of illegal evidence wrongdoing was highly likely to cause the unlawful arrest false imprisonment of the complainant, objective to cause the deliberate deprivation loss of Liberty, Life, and Property, expecting the complainant to act to his own detriment from the criminal wrongdoing leaving the complainant outside the protection of law hereto, take advantage of the complainant weak financial position during the litigation of the instilment of the illegal perversion vexatious proceedings continued course of conduct vicarious mitigation abuse of process.

The persons not in the same class of the defendants to Section 1983 and accomplices third parties "The Administration Law Judges and Public Employees" are of Scienter Knowledge to self-help Attempt Administrative crime deliberate elicitation by the defendants to Section 1983 from the third parties fraudulent concealment compounding of a crime forgery of made illegal evidence to involve the third parties misleading foreign attachment direct influence by business compulsion of illegal immigrant Vera Lucia Almeida Ferreira to act as a draw away person witness for the third parties forgery of evidence hereto, withhold testimony with regard to complainant legal defense, to obtain the illegal perverted use of process objective to the continued course of conduct vicarious mitigation abuse of process endeavor for the violent-

12

-nature sybaritic turpitude crime of a shilling affect that shocks the conscience.

The complex litigation for the specific corrupt intent knowledge for the illegal taint fraudulent concealment of the self-dealing defendants to Section 1983 deliberate elicitation to the forgery of illegal evidence compounding of a crime to conceal the self-help accomplice third parties peculation of unlawful businesses, tax evasion and irregular Bank accounting at the site of the incidents, and the third party Pedro Coelho peculation of unlawful businesses from inside a Mount Vernon Government Accredited Agency the Yonkers/Mount Vernon 707 Elks without a legal conceptual authorization other to "a certain class of persons logrolling for party favors".

The complainant in form of sworn statement affirm there is a specific corrupt intent Scienter knowledge by the wrongdoers actors as the executors of their own wrongdoing for the third parties Country of heritage Brazil is a South American nation where Government Fraud is a social phenomenon that encompasses all classes of persons, the crimes known to be committed by foreign attachment of third parties called "doleiros" "dole+eiros" whom are the Solicitors that act between the peculation of unlawful businesses owners for the bribes to the corrupt Government officials whom facilitate the Government waste and fraud.

A Brazilian social phenomenon the Brazilian Federal Government is incessantly combating.

Hereto, in knowledge of the necessary elements for a continued course of conduct sybaritic turpitude criminal coercion fraud in abuse of process fraudulent concealment to the Title 10 Compounding of a Crime Offences to conceal the necessary elements for fabrication of Instruments of a crime which constitute a PL 165.15 Theft of services Subdivision 10!

The parasitical action misleading the illegal perversion of process not substantiated at the inception by the fraudulent concealment to forgery of illegal evidence to coerce the signature of the complainant to an instrument of a crime by forgery the Month of May 26th and June 1st the Year of 2009 for whom the continued course of conduct vicarious mitigation abuse of process that has been abused of thru the Month of May the Year of 2015 at the inception of the false statements instruments of a crime to force the duress coercion of the complainant to forbear a prescribed act against his will by causation the of unlawful arrest and false imprisonment is at all incident inceptions dates not substantiated by Statute, Title, Article, or Subdivision hereto, there is the Scienter knowledge to all instruments of a crime to be drafted to accomplish one specific corrupt intent abuse of process thru the misleading misuse of the Coercion Statute **Public Health and Moral Offences** Title M Art. 230 The Coercion Statute [Penal Law ~ 135.60(4)] [Penal Law ~ 230.34(5) (d)]. [Penal Law 135.60]. The crimes are parallel in statutory construction to crimes of Larceny by Extortion [Penal Law 155.05 (2) (e) 155.30 (6).

The City of Mount Vernon Court retained Attorneys at Law whom are in Scienter knowledge to the personal unethical conduct inefficient assistance of counsel to hinder the defense in the cases for non-judicial infractions act to favor the Administrative crimes taint, in Scienter Knowledge, knowing of the Law correct Table of Authorities for an effective legal defense assistance of counsel, these attorneys in self-dealing negligent disregard simply refuse to be ethically compliant by their inefficient assistance of counsel hereto, in the complainant specific case the correct defense of the non-judicial matter is the following;

The People of the State of New York, Respondent, v. Richard Chasserot, Also known as Richard Chasse, Appellant Court of Appeals of New York 30 N.Y. 2d 898l

Subdivision 5 of section 240.25 of the Penal Law. Under that subdivision, a person was guilty of harassment when, with the intent to harass, annoy or alarm another person, he "engages in course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose." Crimes – harassment – order which affirmed judgment convicting defendant of harassment under subdivision 5 of section 240.25 of Penal Law reversed and information dismissed upon on ground that evidence adduced at trial revealing only one isolated incident, fails to establish that defendant engaged in course of conduct or repeated acts, required to support [**2] under above subdivision.

The People of the State of New York, Respondent, v. John Carvelas and James Manos, Appellants. 35 N.Y. 2d 803. [*804] Orders reversed [**3] and the complaints dismissed.

CHAMBERS & BARBER, INC., on behalf of themselves and all others similarly situated, Plaintiffs, v. GENERAL ADJUSTMENT BUREAU, INC., Defendant,
UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK 60 F.R.D. 455l

"On March 11, 1971, the United States of America instituted Civil Action No. 71-CIV-1109 in the United States District Court for the Southern District of New York. The Complaint therein alleged the illegal acts and practices set forth in this Complaint, and sought to enjoin the continuation of such acts and practices by defendant. On April 15, 1971, a consent judgment was approved by the Court, enjoining the continuation of the acts and practices alleged in the Complaint.

So far as prejudice may result from the description of the consent decree in the complaint, we are still far from the presence of the jury, and steps can be taken by the Court to keep from the jury evidence which is immaterial and prejudicial. On the other hand, if the allegations are utterly immaterial and their striking might narrow the issues or otherwise expedite the lawsuit the operation should be performed early. See Manual for Complex [**5] Litigation, § 1.80.

14

"Plaintiff and the members of the class had no knowledge of the unlawful acts alleged herein or of any of the facts which might have led to the discovery thereof, until March 11, 1971. 4 Plaintiff and the members of the class could not have discovered the violations at an earlier date by exercise of due diligence because of the practices and techniques of secrecy employed by defendant and its [**8] co-conspirators to avoid detection and fraudulently to conceal such violations."[**12] Whether the plaintiff can prove the violations or that they were secretly performed and fraudulently concealed remains to be seen. But it seems quite clear to me that the fraudulent concealment, reading paragraph 20 with paragraph 23, is sufficiently alleged to enable the defendant to meet it head on.

6) The third parties actor accomplices to the Section 1983 defendant Police officers in concert of action Scienter knowledge deceit of U.S.D.C. for the S.D.N.Y. include submission of legal defense litigation as it were drafted by the third parties, when in fact the litigation is being drafted by the Scienter knowledge persons whom deliberate elicitation from the third parties, an illegal Pro-Se specific intent to made false statement deceit of the U.S.D.C. for the S.D.N.Y.

The complainant in form of sworn statement well pleaded complaint Rule of Evidence 56, Rule of Federal Procedure 73 General Provisions Governing Discovery, and Rule 9 (b) is pleading for an (indictment) of the for the wrongdoers and third parties, fraudulent concealment facilitation of compounding of offences, forgery of made illegal evidence for the specific corrupt intent fraud Coercion duress of the complainant to obtain the signature of the complainant to an instrument of a crime by forgery, false statements perjury unlawful arrest, false imprisonment.

Rule 9 (b) the circumstances constituting the alleged fraud are matters peculiarly within the knowledge of the opposing party, since the particularity requirement of Rule 9(b) has been held subject to relaxation where those circumstances prevail.

The Attempt Administrative crime of deliberate elicitation from third parties to direct influence by foreign attachment the witness tampering of an employee to be a witness for the concealment to the forgery of made illegal evidence to coerce the signature of the complainant to an instrument of a crime by forgery, perjury to usurp the function of the Jury at The City of Mount Vernon Court at Trial, to obtain verdicts in favor of the wrongdoers in a concert of action by the actors malversation as the executors of their own wrongdoing is objective to cause the bias prejudice crime unlawful arrest of the complainant by the illegal perverted use of process false statements perjury, knowing their action were highly possible to also cause the false imprisonment of the complainant.

Hereto, the made illegal forgery of extrinsic evidence inception of a not authorized illegal perversion of process to obtain a case with identical trier facts to the facts to be tried at-

-The U.S.D.C. for the S.D.N.Y. Section 1983 Civil claim 10 Civ. 4125 to pad the defendants Mount Vernon Police officers defendants at Trial and obtain an objective vicarious mitigation verdict in favor of the defendants with prejudice to the complainant.

The Attempt Administrative crime known Adjudication as an in fact shadowy extortion scheme concert of action common design (Connecting-up Doctrine) of specific corrupt intent fraudulent concealment prejudice that at its inception lacks the knowledge from the participants true intention for pecuniary gain from the adverse possession unlawful businesses and irregular Bank accounting at the site of the incidents, managed (administrated) by the third parties.

Hereto, in self-dealing aid to abet the deliberate elicitation by self-help Criminal fraud, Court fraud, Tax fraud, Irregular Bank Accounting and Civil fraud to defraud the complainant, The State of New York Unified Court System, at The U.S.D.C. for the S.D.N.Y., The State of New York.

The Coercion crime is parallel in statutory construction to the crimes of Larceny by extortion.

The complainant plead for Administrative Justice to prosecute the analogous crimes for their violent nature specific corrupt intent vicarious mitigation abuse of process in fraudulent concealment to the Title 10 compounding of the crimes committed by the wrongdoers as the executors of their own wrongdoing self-help Subdivision 10 theft of Services.

Conspiring to deprive citizens of their civil rights in violation of 18 USCS § 241 is crime of violence within meaning of 18 USCS § 924(c), since it creates substantial risk of violence.

Crime-Fraud Exception (1973) The doctrine that neither the attorney-client privilege nor the attorney-work-product privilege protects attorney-client communications that are in furtherance of a current or planned crime or fraud.

*Clark v. United States,* 289 U.S. 1, 53 S. Ct. 465 (1933); *In re Grand Jury Subpoena Duces Tecum,* 731 F. 2d 1032 (2 Cir. 1984). [Cases: Criminal Law; key, 627.5(6); Federal Civil Procedure; key, 35; Privileged and Confidentiality; key, 154.]

CHAPTER 67 FORGERY AND FALSE WRITTEN STATEMENTS 7-67 New York Criminal Practice

§ 67.03 this section is aimed at protecting businesses, officers of the State, and the public from acting upon "false or fraudulent 'instruments'" in the erroneous "belief that such documents [are] accurate and true." It does so by criminalizing the falsification of business records, tampering with public records, offering a false statement for filing, issuing a false certificate, and issuing a false financial statement.

16

[1] (through) [7] Penal Law Article 175 Proscribes Inclusion of False Information in Written Instruments.

1-213 New York Civil Practice: CPLR P 213.25, P 213.25 Fraud Actions: Six-Year Statute!

Generally speaking, if a plaintiff alleges all the necessary elements of actual fraud, and the damage claimed is proximately caused by the fraud, the limitations period of CPLR 213(8) will apply even though the claim could also be characterized as one subject to a shorter limitations period such as CPLR 214.

## THE STATEMENT OF THE COMPLAINT

The complainant Jose Antonio Mendes da Costa in form of sworn statement affirm; The City of Mount Vernon Law Department Public Employees defending the Police officers defendants to a mandamus Section 1983 Civil Claim wearing the color of The State being of Scienter knowledge to the deliberate elicitation confederate solicitation from the third parties facilitation to Title 10 compounding of a crime by the fraudulent concealment to a made forgery of illegal evidence to Coerce the signature of the complainant to an instrument of a crime by forgery, objective to the subsequent unlawful arrest knowing the illegal perversion of process actions were highly possible to cause the false imprisonment of the complainant, objective to obtain a case with identical trier facts to the facts being tried at the U.S.D.C. for the S.D.N.Y. to pad the defendants to the Section 1983 at trial is a self-dealing Attempt Administrative crime of self-help with one objective, the Obstruction of Justice deceit of The State New York Unified Court System at The U.S.D.C., S.D.N.Y., to obtain a verdict in favor of the defendants to prejudice the complainant.

Hereto, the confederate intracorporate conspiracy concert of action solicitation from the third parties in acting as the (wheel conspiracy) spokespersons by foreign attachment to the biased crime forgery of illegal evidence, perjury, tampering with the witnesses at the site to all the incidents (100 ft. apart) is not substantiated by Laws that created the City of Mount Vernon Corporation or by Administrative policies for the presentation of businesses before the Agency, when the businesses being represented are of the nature to an elaborate scheme peculation adverse possession of the illegal businesses fraudulent conveyance in-cumbrances that involve Tax evasion, not reporting personal earned incomes and the incomes of the employees to The State of New York, The Department of Labor, Unemployment, and irregular Bank accounting by accounts manager Luisa Vidal at The H.S.B.C. Bank for the third parties pecuniary gain.

Third party Pedro Coelho manage one of the personal peculation business from inside of The Yonkers/Mount Vernon 707 Elks a Government Accredited Veterans Agency without any specific legal consent from the persons responsible for the administration of The 707 Elks.

17

The third party Pedro Coelho son in law Danielle P. DiMatteo whom was a witness to the 11/27/08 Section 1983 incident worked as a counter person at one of his father in law 117 Gramatan Avenue seized businesses at the site of the incidents, after the incidents was hired by The City of Mount Vernon Police Department then later dismissed from the Police Department, was procured by the Section 1983 Law Department defense Attorney to perjury testimony to a barratry of the complainant sought to bribe his testimony in favor of the complainant, Danielle P. DiMatteo whom has engaged in the same business conduct of not reporting personal earned business income at his new employment at Cruz Mini Mart at 9th St. with 9th Avenue.

The complainant is the original source for the seizure of the peculation adverse possession scheme by Department of Treasury I.R.S. information referrals and U.S.D.C. for The S.D.N.Y. authorized pretrial investigation when the complainant serve to the third parties Subpoenas *Duces Tecum* request for the peculation adverse possession of unlawful businesses records.

The complainant the date of June 23rd 2015 confront Pedro Coelho whom was lounging at a restaurant table with the City of Mount Vernon Mayor Ernest Davis whom was convicted February of 2015 at The U.S.D.C. for The S.D.N.Y. for tax evasion, at this date the complainant inquire from Pedro Coelho when are the fraudulent concealment peculation of adverse possession of unlawful businesses Tax evasion schemes going to fit into his sentences.

The Law Department Public Employees Michael V. Lentini whom witness Vera L. Almeida (Ferreira) tender to the hair care from the Years of 2008 thru 2010 and Attorney at Law Hina Sherwani were of Scienter Knowledge when in the defense of the Police officers defendants to Section 1983 Civil Claim whom of specific corrupt intent deliberate elicitation from the third parties direct influence tampering with the witnesses to Section 1983 and, hair dresser illegal immigrant status witness Vera Lucia Almeida (Ferreira) to act as the draw away person to the third parties forgery of the illegal evidence had Adjudicative Legal knowledge to the inception of the illegal perverted use of process instilment of Vexatious Vicarious Mitigation proceedings.

Hereto, objective to misleading the misuse of the Coercion Statute by alteration of the instruments of a crime legal obligation from the Criminal Mischief 4th for Fernando Marques evidence of $70.44c, 6/1/09 not Substantiated by Statute, Title, Article, or subdivision to the same obligation of the Harassment 2nd to Vera L. Almeida (Ferreira) 5/26/09 in preparation to commit the crime of forgery of illegal evidence to coerce the complainant signature to an instrument of a crime by forgery misleading the misuse of the Coercion Statute construed from the **Public Health and Moral Offences** Title M Art. 230.34 The Coercion Statute [Penal Law ~ 135.60(4)] [Penal Law ~ 230.34(5) (d)]. [Penal Law 135.60]. The crimes are parallel in statutory construction to crimes of Larceny by Extortion [Penal Law 155.05 (2) (e) 155.30 (6).

The complainant affirm the connecting up doctrine Adjudication to the Attempt Administrative crime constitute itself a crime committed in Scienter knowledge from self-dealing Assistant Judge Adam Seiden, Assistant District Prosecutors Patrick McArthur, Cheryl Lee, Alexis Celestin and deliberate inefficient assistance of Counsel by City Court retained Attorney at Law Jean B. Auguste knowing the specific corrupt intent to deprive the complainant of Constitutional Civil Rights protected by The United States Constitution Fourth and Fourteenth Amendments, to constitute unethical conduct of Government waste and fraud Subdivision 10 Theft of Services.

The complaint filed complaints the Year of 2010 for the persons named to the above affirmation, to The Commission for Judicial conduct for the Ninth Judicial District and to The U.S.D.C. for The S.D.N.Y. 10 Civ. 8564 Jose da Costa v. Mount Vernon A. D. A. Office.

The complainant in form of sworn statement affirm the wrongdoers specific corrupt intent to commit the biased crime against the complainant to be the deliberate deprivation of the complainant Civil Rights Liberty protected by The United States of America Constitution.

The confederate concert of action deliberate elicitation wonton to endeavor the complainant by the bias crime of specific corrupt intent deprivation of Constitutional Civil Rights Liberty not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happiness by free man." Meyer v. Nebraska, 262 U.S. 390, 43 S. Ct. 625, 626 (1923). [Cases: Constitutional Law, key 1079, 3873.]

Hereto, the deliberate deprivation of Civil Rights inherent from Liberty, Life, and Property to endeavor the complainant against his will, force the forbearance of a prescribed act to take advantage of the complainant weak financial position in litigation and as a disabled person for not being able to return to employment as a Class A Truck Driver since October 10th 2008 when the complainant  pass The New York State Class A Driver License road skills test for a profession that could greatly improve the complainant social economical financial position.

The wrongdoers corrupt intent wonton deprivation of the complainant Civil Rights for the misleading misuse of the complainant disability is an element of the complaint for Challenge by the complainant for the wrongdoers specific class base animus bias crime wrongdoings.
The self-dealing defendants to the Section 1983 fraudulent concealment compounding of the biased violent nature crime  specific corrupt intent self-help trespass on the case aggravation to conceal a previous violent nature crime pending litigation at The U.S.D.C. for The S.D.N.Y. Mandamus Section 1983 10 Civ. 4125, has by itself a chilling affect that shocks the conscience.

19

Concealment Rule. The principle that a defendant's conduct that hinders or prevents a plaintiff from discovering the existence of a claim tolls the statute of limitations until the plaintiff discovers or should have discovered the claim. —Also termed *fraudulent-concealment rule.*
[Cases: Limitations of Actions, key, 104.]

Common calling. **1.** An ordinary occupation that a citizen has a right to pursue under the Privileges and Immunities Clause.
[Constitutional Law, key, 207 (2). C.J.S. *Constitutional Law ~~ 667,* 670.]

AMERICANS WITH DISABILITIES ACT. A federal statute that prohibits discrimination in employment, public services, and public accommodations against any person because of the person's disability ("a physical or mental impairment that substantially limits one or more of the major life activities"). 42 USCA ~~ 12101-12213.*Under the ADA and related regulations and case law, major life activities include those that an average person in general population can perform with little or no difficulty, such as seeing, hearing, sleeping, eating, walking, traveling, and working. The statute applies to both private and governmental entities but not to a private employer having fewer than 15 employees. 42 USCA ~ 12111(5)(A).—Abbr. ADA. See DISABILITY(2); MAJOR LIFE ACTIVITY. [Cases: Civil Rights, key 1016, 1053, 1215.]

Compounding a Crime. The offence of either agreeing not to prosecute a crime that one knows has been committed or agreeing to hamper the prosecution.
—Also termed *Compounding a felony;* (archaically) *theftbote.* See Stifling of a Prosecution
[Cases: Compounding of Offences, key 1. C.J.S. *Compounding of Offences ~ 1.*].

CONNECTING-UP DOCTRINE. (1986) The rule allowing evidence to be conditionally admitted if the offering party promises to show relevance by adducing other evidence.
[Cases: Criminal Law; key 672; Federal Civil Procedure; key 2014; Trial; key 51.]

Federal Rule of Evidence 803 (6)—termed Business Entry Rule
[Cases: Criminal Law: key, 436, Evidence; key, 351.]

Governmental-Function Theory. (1936) Constitutional Law. A principal by which private conduct is characterized as state action, esp. for due process and equal protection purposes, when a private party is exercising a public function.
[Cases: Civil Rights key 1326(4, 7); Constitutional Law key 213(4)' 254(4)]

Class based animus; prejudicial disposition towards a discernible usu. Constitutionally protected group of persons, a class-based animus is an essential element of a Civil Rights conspiracy case. Cases: Civil Rights 1033 (1), 1137. C.J.S. [Civil Rights 18, 20, 23-24, 34, 39-40.] **2.** Intention.

BABY F.T.C. ACT. A statute that, like the Federal Trade Commit ion Act, outlaws deceptive and unfair trade practices.      **Antifraud rule.** See RULE 10B-5.      **[Cases: Garnishment; key, 1.]**

### AN ELEMENT OF THE CLAIM

The complaint specific emphasis to fact the complainant discover after February 2011 during the Section 1983 pretrial investigation when serving a U.S.D.C. Subpoena for deposition to a cousin Joaquim Nogueira, whom in personal rhetoric denied knowing the principal assailant Michael Martins, then changed his rhetoric denial to be friends with Michael Martins and wished not to lose his friendship and Joaquim Nogueira rhetorically ad that he would only depose testimony if the subpoena was personally signed by a United States Magistrate Judge.

The fact is Joaquim Nogueira build his new residence at 412 Summerville Pl. Yonkers N.Y. the adjacent property to 140 Portland Pl. Yonkers N.Y., was the Martins family residency where Michael Martins the principal assailant defendant to Section 1983 was raised by his parents, the 412 Summerville Pl. property lot could had been purchased by from Martins Realty.

The relationship is not vague due to the fact of the complainant want to challenge in a U.S.D.C. for the S.D.N.Y. Civil Court of Law how the complainant had become legally disabled due to a Scienter Knowledge negligence wrongdoing by one of the complainant family third cousins.

The complainant had tried to address the wrongdoing to the cousins whom disregard the wrongdoing to have done the complainant right, another rhetoric fact that conceals the cousin whom knowingly provide a controlled substance to the complainant from which the complainant become addicted, afterwards years after the fact the complainant was legally disabled diagnosed with psychotic schizophrenia, the fact the complainant whom start recovery the year of 2005 want to Challenge the wrongdoing causation at a U.S.D.C. Civil Court of Law!

Other fact concealed by this substantive fact is that of the cousin Adam Nogueira whom provide the controlled substance to the complainant, has since repeatedly subjected Joaquim Nogueira's wife Alcina Nogueira to repeated unbecoming conduct rape, a fact that is of circle of Nogueira family acquaintances publicly known in the City of Yonkers, N.Y. but publicly ignored.

Another new development fact is Joaquim Nogueira has since lost a license to manage a public establishment Casa Nova Grill and Cocktail Bar located at 286 FR. Finian Sullivan Pl. Corner with Orchard St. 10703 after Joaquim Nogueira, when employees serve liquor to underage patrons.

The complainant want to Challenge in a Civil Court of Law this continued course of conduct of unreported careless negligence by the family third cousins towards other persons.

**IV.** **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  The complainant has since sustained a subsequent physical injury that occur during the false imprisonment intentional infliction of emotional distress such injury was a disorder of the (right shoulder) rotator cuff that occur during the false imprisonment at the Westchester County Penitentiary on the approximate date of the Month of November 2009, for which orthoscopic surgery was later the year of 2013 required, for whom the plaintiff personal Medicare insurance do not cover all the Medical expenses leaving the plaintiff unpaid bill in the amount of $5000 from the total of over $20.000 + dollars surgery and for the physical therapy rehabilitation.

The plaintiff also sustain a cut on the upper lip left side when outside of the protection of the Law that require stitches, the perpetrator whom the plaintiff had to at later of about one  month call the police after recognizing him at as an employee at a tax preparation service, the perpetrator was released after pleading to a 6 month conditional discharge for the assault with a weapon.

The specific corrupt intent compounding of a crime deliberate elicitation from the third parties forgery fraud duress to deprive the complainant of Constitutional Civil Rights violent nature of the crimes that are analogous to the intentional disparate treatment infliction of emotional distress by a specific nature of Slander Per Quo to subject the plaintiff to vexatious proceedings vicarious mitigation abuse of process prejudice, deviousness, and corruption hereto, take advantage of the plaintiff weak financial position in Legal and Civil Litigation to endeavor to the plaintiff the loss of Liberty, Life, and Property has caused the plaintiff to suffer daily from several emotional distress poor health care adverse effects.

The symptoms from the negligent infliction of emotional distress vary from mental suffering, leading to the plaintiff poor health and to physical ailments that the plaintiff was not experiencing before the intentional compounding of a crime endeavor by the defendants,  these ailments are happening in simple tasking such as walking leisurely without applied stress, such as tears of lateral meniscus of the knee and of the medial meniscus of the knee, such ailments require orthoscopic surgical intervention.

[Plaintiff state a personal medical endeavor]

[the date of 7/31/15 the plaintiff start a 12 week Medicare part D prescription insurance sponsored by Silver script insurance whom pay for the $100.000 + dollars treatment at the Montefiore Mount Vernon Hospital for the cure of Hepatitis C, to prevent cancer of the liver, a successful treatment using a new medication, pharmaceutical name Harvoni  90mg and 400mg. that after the first 4 weeks of the treatment eliminate all traces of the Hepatitis C virus, the plaintiff treatment end the date of 10/22/15].

**V.   Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. The Plaintiff Jose Antonio Mendes da Costa Formal request for made whole remedies founded on the State of New York fact law, that will restore the plaintiff to the Constitutional Law common calling social condition as a Class A Truck, a career remunerated $36.000 per capita year without experience, and remunerated $75.000 to $100.000 per capita year with two years thru five years experience, the career losses can be estimated Pro Rata by the U.S.D.C. The plaintiff in form of sworn statement affirm the defendents to civil claim 10 Civ. 4125 Jose da Costa v. Sgt. Marucilli, specific corrupt intent Administrative crime derelict official act compounding of offences to endeavour the intentional deprivation of the plaintiff Civil Rights Liberties by deliberate elicitation from the third parties fraudulent concealment the forgery made illegal unconstitutional evidence (see attached)

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 28th day of October, 2015.

Signature of Plaintiff Jose Antonio M. da Costa

Mailing Address   86 Gramatan Ave. n. 40

Mount Vernon

New York, 10550

Telephone Number   (914) 774-3615

Fax Number *(if you have one)* _____

**Note:**   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.

**For Prisoners:**

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:   _____

Inmate Number   _____

*Rev. 05/2010*

## V.      Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. The plaintiff Jose Antonio Mendes da Costa formal request for made whole remedies founded on The State of New York Fact Law that will restore the plaintiff to the Constitutional Law common calling social condition as a class A Truck Driver, a career remunerated $36.000 per capita year without experience and remunerated $75.000 to $100.000 per capita year with two years thru five experience, the career losses can be estimated Pro Rata.

The plaintiff in form of sworn statement affirm the defendants to Civil claim 10 Civ. 4125 Jose da Costa V. Sgt. Marcucilli, specific corrupt intent Administrative crime derelict official act compounding of offences to endeavor the intentional deprivation of the plaintiff Civil Rights Liberties by the deliberate elicitation from the third parties fraudulent concealment to fabricate the forgery made illegal unconstitutional evidence is the objective of the unlawful arrest to Coerce the Signature of the plaintiff to an instrument of a crime by forgery fraud, forfeiture by wrongdoing Fundamental Miscarriage of Justice, to withhold information with regard to the plaintiff legal defense to usurp the function of the Jury at the Sham Trial knowing their action were highly possible to cause the false imprisonment of the plaintiff, with which hereby the defendants obtain a case with identical trier facts to the facts to be tried for the pending litigation of Section 1983 U.S.D.C. for the S.D.N.Y. 10 Civ. 4125, hereto, the illegal perverted use of process deceit direct influence tampering with witnesses and tampering with the public record to pad the defendants at trial and obtain a verdict in their favor with prejudice to the plaintiff, a fact that succeed at U.S.D.C. for the S.D.N.Y. the date of November 5th 2012.

Hereto, the plaintiff request for injunctive rectification of the defendant parties specific corrupt intent for the derelict official act Administrative crimes to include all of the elements for the compounding of a crime fraudulent concealment forgery of illegal unconstitutional evidence, coercion, fraud, to obtain the unlawful arrest and subsequent false imprisonment deliberate deprivation Civil Rights Liberties, the specific corrupt intent to defraud the plaintiff at the U.S.D.C. for the S.D.N.Y. by the compounding of a crime analogous to the vicarious mitigation deceit thereafter in the misuse of The Public Health and Morals Offences Title M Art. 230.34 The Coercion Statute which the crimes are parallel in statutory construction to crimes of Larceny by Extortion, for the objective foreign attachment direct influence business compulsion (a form of coercion) in tampering with the witnesses by solicitation for perjury testimony, misleading the witnesses to act as the draw away persons for the defendants forfeiture by wrongdoing to withhold information with regard to the U.S.D.C. for the S.D.N.Y. Civil Claim 10 Civ. 4125.

The defendants deliberate elicitation forfeiture by wrongdoing forgery of illegal evidence fraud, illegal perversion use of process to coerce the Signature of the plaintiff onto instruments of a crime, vexatious vicarious mitigation proceedings wrongful procuracy abuse of process takes place one month after the November 5th 2012 settlement with prejudice against the plaintiff, on the date of December 6th 2012.

The date of February 28th 2012 during pretrial investigation for 10 Civ. 4125 the plaintiff file the pretrial opposition to defendants motion for summary judgment at the U.S.D.C. for the S.D.N.Y. a Sealed document true copy where the plaintiff state the concern for defendants past, present, and future specific corrupt intent to vicarious mitigation abuse of process, where the plaintiff state by every specific accurate detail the criminal negligence intent. [See: EVIDENCE EXHIBIT N. 7]

The plaintiff declaratory request for rectification of the specific prosecutorial errors by Fact Law, the plaintiff unlawful arrests and subsequent illegal perversion use of process false imprisonment the dates of 6/1/2009 and 12/6/2012 to be made without probable cause, by Fact Law are not substantiated by the forgery illegal unconstitutional evidence taint either by Statute, Title, Article, or subdivision. [See: EVIDENCE EXHIBIT N. 3 AND APPENDIX N. 3]

Federal Rule of Evidence 803 (6)—termed Business Entry Rule
[Cases: Criminal Law: key, 436, Evidence; key, 351.]

The plaintiff in form of sworn statement affirm the defendants to be misleading The City of Mount Vernon Corporation for the specific corrupt intent compounding of a crime unethical self-help vicarious mitigation  against form and Statute, the continued course of conduct constitute Government Fraud and waste, that has been uncovered since the plaintiff as the original source of Information Referral to The Department of Treasury I.R.S. discover the defendant third parties peculation tacit collusion Adverse possession of unlawful businesses for personal pecuniary gain, in evasion of personal tax duties and of employees at the site of the incidents, the unlawful businesses include the third party Pedro Coelho manage one of the unlawful businesses for personal pecuniary gain from a Government Accredited Agency the 707 Yonkers/Mount Vernon Elks without any plausible legal explanation other than a logrolling for party favors, the unlawful businesses where seized. [See: EVIDENCE EXHIBIT N. 11]

The specific corrupt intent fraud to force the plaintiff by Coercion to forbear a prescribed act involve the complex litigation of Rule 9(b) and F.R.P. 73 for the Fundamental Miscarriage of Justice, Administrative crime compounding of offences objective to the self-help for the defendants wrongdoers as the executors of their own wrongdoing seeking to take advantage of the plaintiff weak financial position in litigation by the Abuse of Rights deliberate deprivation of Constitutional Law Civil Rights Liberties.

Hereto, the defendants fraudulent concealment forgery fraud forfeiture by wrongdoing coercion actions were taken under criminal negligence attaint in specific corrupt intent Scienter Knowledge by all the defendants third parties in tacit collusion of the peculation unlawful businesses for pecuniary gain at the site to all of the incidents, accurately and approximately 100 ft. apart.

The Plaintiff Jose Antonio Mendes da Costa praise for relief to the United States District Court is for Reparatory, Compensatory, and Punitive monetary damages that includes injunctive and declaratory relief for the defendants' criminal negligence The plaintiff was able to research Basic Injuries Values at the W. C. Supreme Court Library from a JVR Personal Injury Valuation Handbook, the handbook do not provide all the Injury Values for the defendants criminal negligence tortious compounding of a crime.

**Basic Injury Values and Adjustments for Claims of Emotional and Physical Injuries Resulting from Intentional acts:**

**Summary of the Research; Emotional Injuries Resulting from Intentional Acts**

| Category | Award Median |
|---|---|
| *Breach of Contract or Duty | $ 57.500 |
| *Discrimination, Civil Rights Violations | 35.000 |
| *Fraud, Deceit, Misrepresentation | 102.200 |
| *Harassment, Mental Abuse, Improper Debt Collection | 96.000 |
| *Invasion of Privacy | 76.121 |
| *Destruction of Property, Theft, Wrongful Repossession | 35.532 |
| *Threat of, or Attempt at Physical Harm | 37.501 |
| *Emotional Injuries, Overall | **60.000** |

**Physical Injuries Resulting from Intentional Acts Adjustment to Basic Injury Value**

| | |
|---|---|
| Perpetrators Only as Defendants | +43 % |
| Nonperpetrators Only as Defendants | +140 % |
| Perpetrators and Nonperpetrators as Defendants | +81 % |

**Basic Injury Values for claims of Emotional Injuries Resulting from False Arrest or Malicious Prosecution;**

**Summary of the Research: Emotional Injuries Resulting from False Arrest;**

| Type of Defendant | Award Median |
|---|---|
| *Business(es) | $ 27.250 |
| *Government | 50.000 |

**Emotional Injuries Resulting from Malicious Prosecution**

| Type of Defendant | Award Median |
|---|---|
| *Business(es) | $ 88.845 |
| *Individual(s) | 26.800 |

**Emotional Injuries Resulting from False Arrest and Malicious Prosecution**

| Type of Defendant | Award Median |
|---|---|
| *Business(es) | $ 87.750 |

*V. Relief*                                    3

**Basic Injury Values for Claims of Emotional Injuries Resulting from Libel Slander**

Summary of the Research;

| Type of Defendant | Award Median |
|---|---|
| Business(es) | $ 326.500 |
| *Individual(s) | $ 100.000 |
| Media | $ 250.000 |
| Overall | $ 150.000 |

**Plaintiff Injury Values for Claim of False Imprisonment Years 2008/2009 and 2012 Total 9 ½ Months**

**Defendants to Section 1983 and Third Parties**            $ 150.000

**Plaintiff Injury Values for Claim of Vicarious Mitigation Abuse of Process Years 2009 thru 2015**

**\*Defendants to Section 1983 and Third Parties**            $ 250.000

**Plaintiff Injury Values for Claim of Constitutional Law Common Calling Career Losses 2008 thru 2015**

   **To be Estimated State of New York Law Pro Rata by the U.S.D.C. for the S.D.N.Y.**

**\*Defendants to Section 1983 and Third Parties**            $ _____.____

Request for remedial compensatory monetary damages            $ 1.280.499

Signature: _Jose Antonio Mendes da Costa_.

Date: _October 28th, 2015_.

*V. Relief*                                      4